THE STATE OF KANSAS v. THE KANSAS INSURANCE COMPANY, et al.

1. ASSIGNMENT; *Decision of Assignee, When Final.* The decision of the assignee in relation to all claims presented to him for allowance is final, under ch. 6, Comp. Laws of 1879, relating to voluntary assignments, unless the creditor or some other person interested shall after the decision is made, appeal therefrom.

2. ASSIGNEE—*Final Decision—Recovery, Barred.* During the pendency of an action upon a policy of insurance in another state against an insurance company of this state, the company made a voluntary assignment for the benefit of its creditors. Before judgment was rendered in the other state, the creditor at the time fixed by the assignee of the company for proving up claims against its estate presented to the assignee the identical claim in suit in the other state for allowance. At the request of the creditor the hearing was continued to a subsequent time, and before that date judgment was rendered against the company in the other state. Thereafter the hearing upon the claim came up before the assignee, and upon the hearing thereon the claim was disallowed. No proper appeal was taken from this decision. *Held,* That the decision of the assignee in relation to the claim presented to him for allowance was final. *Held further,* That the determination and decision of the assignee in this state, made subsequent to the rendition of the judgment in the other state, is a bar to any recovery upon that judgment in this jurisdiction.

*Original Proceeding for an Order of Distribution.*

JULY 3, 1884, this court directed the receiver of *The Kansas Insurance Company* to pay the judgment of the claimant *Logan,* amounting to about $1,646.40. Afterward, a motion for a rehearing was filed, on behalf of the company, and on July 16, 1884, the receiver was directed not to pay the judg-

ment until a further hearing was had before this court. The material facts are stated in the opinion, filed November 28, 1884.

*J. H. Gilpatrick,* for claimant.

*E. Stillings,* contra.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On November 25, 1876, the Kansas Insurance Company made a voluntary assignment for the benefit of its creditors. One George S. Woodward was chosen as assignee. On March 9, 1878, a petition in *quo warranto* was filed in this court against the company and others, for a dissolution of the corporation and a forfeiture of its charter and franchises, and that a receiver of its property and effects be appointed to take charge of and collect the same, and make distribution thereof among the creditors and persons entitled thereto. On April 9, 1878, this court appointed H. W. Ide, Esq., of Leavenworth City, receiver. Thereupon A. S. Logan presented to this court an alleged claim against the Kansas Insurance Company and asked that the same be allowed, and that the receiver be ordered to pay the same out of the moneys in his hands belonging to the company. The alleged claim was a judgment rendered in the court of common pleas in the city of Pittsburgh, county of Allegheny, and state of Pennsylvania, against the Kansas Insurance Company, on July 2, 1877, for the sum of $1,095.75, with interest and costs. On the 3d day of July, 1884, this court directed the receiver to pay the judgment of Logan, amounting with interest and costs to about $1,646.40. Subsequently a motion was filed for a rehearing, and on July 16, 1884, the receiver was directed not to pay the judgment until a further hearing was had before this court. Since then we have fully reëxamined the claim and the matters associated therewith.

It appears from the agreed statement of facts and the evidence before us that on the 31st day of August, 1875, the

insurance company insured certain personal property belonging to A. S. Logan, against fire, for the sum of one thousand dollars; that this property was consumed by fire on the 6th day of September, 1875, and the judgment of July 2, 1877, was obtained upon the policy issued to Logan; that on June 13, 1877, the time fixed for George S. Woodward, assignee of the Kansas Insurance Company, for the proving of claims against its estate, Logan presented the claim on which judgment was rendered, but resistance was made thereto upon the alleged ground that the goods on which the insurance had been made had been removed to another place than the one at which they were at the time of the insurance, without the consent of the company before the destruction of the goods by fire. The hearing upon the claim was continued by the assignee until June 14, 1877, when at the request of the attorney for plaintiff, the further hearing in the matter was continued until July 14, 1877. On said day the hearing was had, and soon after the claim was disallowed by the assignee. Logan attempted to take an appeal from the decision of the assignee to the district court of Leavenworth county. On September 26, 1877, this appeal was dismissed. On July 23, 1877, Logan commenced his action in the district court of Leavenworth county against R. W. Luddington and others, as stockholders of the insurance company, for the collection of the judgment filed herein, which suit is now pending. Logan, with other creditors of the Kansas Insurance Company, were made defendants in the case of Woodhouse v. The Insurance Company and other parties, pending in the circuit court of the United States for the district of Kansas, and in that suit Logan and others were enjoined from prosecuting his action against R. W. Luddington and other stockholders of the insurance company.

Upon these facts the claim of Logan cannot be allowed. Section 20 of ch. 6, Comp. Laws of 1879, relating to voluntary assignments, reads:

"The assignee shall appoint a day, within six months after the date of the assignment, and a place, which shall be the

42—32 KAS.

county seat of the county, where the inventory is filed, when and where he will proceed, publicly, to adjust and allow demands against the estate and effects of the assignor."

Section 22 reads:

"The assignee shall have power to administer all necessary oaths to debtors, creditors and witnesses, and may examine them on oath, touching any claim exhibited to him for allowance."

Section 23 reads:

"The assignee shall require such evidence, and no other, of the justice of such demands, as is required to establish demands of a similar character in the district court in suits between the original parties to the contract."

Section 24. further provides:

· "The decision of the assignee in relation to all claims presented to him for allowance shall be final, unless a creditor or some other person interested shall, after a decision is made on any such claim, ask an appeal therefrom; and all appeals so asked shall be allowed by such assignee to the district court of the county having jurisdiction thereof."

The decision of the assignee was made subsequent to the judgment rendered in favor of Logan in Pennsylvania on July 2, 1877, and this decision not having been properly appealed from is conclusive, and now bars Logan from any recovery upon his judgment in this proceeding, or against the stockholders. (Freeman on Judgments, § 531.)    If Logan had pursued the proper course to establish his claim before the assignee, he should have presented a certified copy of his judgment on July 14, 1877, at the hearing thereof, or should have requested a continuance of the hearing until a transcript of that judgment could have been obtained.    When however the decision of the assignee was against him, he ought to have perfected his appeal, and upon proper proceedings in the district court thereon, he might have established his claim by a judgment in that court.    Under the circumstances of the case, with the decision of the assignee against him, made subsequent to the rendition of the judgment in Pennsylvania, he cannot now come into the jurisdiction of this state and enforce

the prior judgment as against the subsequent determination and decision rendered in this state.

The rehearing will be allowed, and the claim rejected.

VALENTINE, J., concurring.

HURD, J., not sitting.