JOHN GUILD v. CYNTHIA E. McDANIELS, as *Administratrix of the estate of J. R. McDaniels, deceased.*

1. CONTRACT, *Not Written — Action.* An action upon a contract not in writing, express or implied, must be brought within three years.
2. NOTE — *Joint Maker — Surety Pays — Action Within Three Years.* Where a joint maker of a promissory note, or his representative, pays the note, and then brings an action against the other maker. upon the ground that he is in fact only a surety, his action, although brought upon the note, must be mainly proved by parol evidence, because he must show by such evidence the amount he paid upon the note, the date of payment, that his joint maker is the principal, and that he is a surety only; therefore the action is founded on an unwritten and implied agreement of his principal, and must be brought within three years.

*Error from Washington District Court.*

ACTION to recover upon a promissory note. The material facts are stated in the opinion.

*Omar Powell,* and *J. W. Rector,* for plaintiff in error.

*Joseph G. Lowe,* and *Chas. Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 1st day of April, 1880, John Guild executed a promissory note to the order of J. S. Springer, for $325, payable twelve months after date, with interest at the rate of twelve per cent. per annum. J. R. McDaniels, at the request of Guild, signed the note as a joint maker, but he was in fact only a surety; it was then delivered to J. S. Springer,

the payee.    Subsequently J. R. McDaniels died, and Cynthia
E. McDaniels was appointed and qualified as administra-
trix of his estate.    Afterward J. S. Springer informed Mrs.
McDaniels that he should look to the estate of J. R. McDaniels,
deceased, for the payment of the note.    Springer also in-
formed the administratrix that Guild was insolvent, and it
would be impossible to make the amount of the note from
him.    The administratrix, without having the claim allowed
before the probate court, paid and took up the note on the
24th day of November, 1880, several months before it was
due.    This action was brought by Cynthia E. McDaniels, as
administratrix, against John Guild, to recover the amount paid
upon the note.    The petition was subsequently amended, and
stated among other things that "the payment was made and
the note taken up on the 24th day of November, 1880; that
the same is now and has ever since been in the possession of
plaintiff, as such administratrix, and as a part of the assets
of the estate."    The prayer demanded judgment upon the
note, with interest as therein provided.    Guild filed a demurrer
to the amended petition, upon the ground that it did not state
facts sufficient to constitute any cause of action in favor of
the plaintiff and against him.    This demurrer was overruled.
The answer denied every allegation of the petition, and spe-
cially denied that the defendant was the principal upon the
note.

Upon the trial at the November term, 1886, Guild objected
to the introduction of any evidence.    His objection was over-
ruled.    The jury returned a verdict for Mrs. McDaniels, as
administratrix, and assessed the amount of her recovery at
$559.    Judgment was entered upon the verdict.    Guild ex-
cepted, and brings the case here.

The principal question for our determination is, whether the
action at the commencement thereof was barred by the statute
of limitations.    This action was commenced October 8, 1884,
more than three years after the payment by Mrs. McDaniels.
By the code, actions upon contracts not in writing, express
or implied, are limited to three years, and actions upon con-

tracts or promises in writing, to five years.    If the case falls under the former limitation it is barred, otherwise it is not. Plaintiff below claims that under the doctrine of subrogation, or substitution, as it is also termed, Mrs. McDaniels is entitled to recover upon the note; therefore, that her action is upon a contract in writing, and barred only by the five-years statute of limitations.    We are willing to extend the remedy of subrogation to the fullest extent.    We think the great weight of American authorities is to the effect that the surety paying the debt of his principal becomes the equitable assignee, not only of the collateral securities, but of the principal undertaking. (3 Pomeroy's Eq. Jur., § 1419, note 1; *Cottrell's Appeal*, 23 Pa. St. 294; *Lidderdale v. Robinson*, 2 Brock. 159; *Ellsworth v. Lockwood*, 42 N. Y. 93; *Waldrip v. Black*, 74 Cal. 409; *Crippen v. Chappel*, 35 Kas. 495; *Yaple v. Stephens*, 36 id. 686.)    The application of this doctrine, however, to this case will not extend the statute of limitation to five years.    The relation of principal and surety does not appear from the note itself.    To recover in this action, it was necessary for Mrs. McDaniels to establish, by parol evidence, the payment of money, and the dates and amounts of payment.    It was also necessary for her to establish, by parol evidence, that the relation of principal and surety existed between John Guild and her husband J. R. McDaniels, who appear upon the face of the note as joint makers.    She did not take any written assignment of the note at the time of payment, but instead thereof, the words "Paid November 24, 1880" were written across the face of the note by the probate judge or the attorney for the estate at one of the annual settlements made by Mrs. McDaniels with the probate court, after she had taken up the note.    The action of Mrs. McDaniels, therefore, rested largely upon oral proof.    She did nothing, so far as the record shows, to manifest any intention to put herself in the place of the original creditor, the payee, until her claim for indemnity or reimbursement was barred by the three-years statute of limitations.    Upon payment by the surety of the debt for which he is bound, the same being then

due, a right of action for reimbursement immediately arises in his favor, and against the principal. The law implies a promise of indemnity on the part of the principal. After the surety, without the request of the principal, pays the debt before it is due, a cause of action accrues to the surety at the time the debt becomes due. (Brandt on Suretyship, § 176.) Mrs. McDaniels paid the note before it became due, because she believed Guild was insolvent; and as the note was drawing twelve per cent. interest, it was to the benefit of the estate to pay it as early as possible.

In Pennsylvania, whose courts are very favorable to the doctrine of a fictitious revivor of the satisfied security, it has been uniformly held that it is not to be resorted to where it will have the effect to defeat the defendant's right to plead the statute of limitations. (Brandt on Suretyship, § 267, and the authorities there cited.)

In *Neilson v. Fry*, 16 Ohio St. 552, it is said:

"Statutes of limitation are statutes of repose, and the periods of limitation are graduated, mainly, with reference to the nature of the evidence on which the actions rest, or by which they can be defeated. The evidence in an action for subrogation is certain and enduring, mainly consisting of records or written contracts. The action for money paid, or, if you please, the right to the aid of a fiction in the prosecution of the action, rests in parol proof of a frail and perishable nature. It rests in proof of verbal contracts and relations of parties, in proof of the payment of money, and the dates and amounts of payment. If my co-debtor takes an assignment of the creditor's security, I know where I stand, and act accordingly; prosecuting the necessary action, and husbanding and preserving my means of defense. But if he puts the transaction in the form of a cancellation of the debt, I rest in the belief that we will be placed by the law upon equal footing in regard to evidence and limitation; and therefore I pretermit my actions, and rely upon parol proof of prior liability, of payment, of counterclaim, and of set-off."

In *Harrah v. Jacobs*, 75 Iowa, 72, Rothrock, J., speaking for the court, says:

"It will be observed that the relation of principal and surety does not appear from the instrument itself. If the re-

lation exists, it must be established by parol evidence. The right of action would therefore be founded upon an unwritten contract, and under our statutes would be barred in five years."

In this state, an action upon a contract not in writing, express or implied, must be brought within three years; and as this statute controls in this case, the action of Mrs. McDaniels was barred in three years. If the note in this case showed upon its face that the relation of principal and surety existed between Guild and McDaniels, or if Mrs. McDaniels obtained a written assignment or transfer to her of the note, or had a written agreement with Guild that she paid the same at his request, the case would be wholly different.

Counsel for plaintiff below cite the cases of *Kupfer v. Sponhorst*, 1 Kas. 75, and *Water Power Co. v. Brown*, 23 id. 688, to show that the true relation of the parties to a note may be established by parol. This is true where an action is brought by the payee or holder of a note against the parties liable thereon; but in such a case the evidence does not go to the merits, but is simply to be considered in determining among the parties liable, who is in fact principal and who surety. In this case the merits involved the direct issue between the plaintiff and defendant as to who was in fact the principal and who the surety; therefore, to establish the claim of the plaintiff below, parol evidence was indispensable. The action, therefore, was upon a contract not in writing. Until a contract, not in writing, was established by Mrs. McDaniels against Guild, the alleged principal upon the note, no cause of action was proved in her favor.

The judgment of the district court will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.