W. H. BURROWS v. JOHN JOHNTZ, *Assignee.*

No. 9386.

1. STATUTE OF LIMITATIONS — *of three years, applies to claim for trust fund in hands of assignee under general assignment, though fund received by assignor under written contract.* A claim against the assignee of an insolvent firm for a trust fund, which came into his hands along with the assigned estate, is barred by the three-years Statute of Limitations, even though the contract with reference thereto between the claimant and the assignor was in writing. In such a case, the liability of the assignee to account as trustee for the claimant is founded, not on the contract, but on his receipt of funds which in equity belong to the claimant.

2. ASSIGNEE — *under general assignment chargeable as trustee of fund only where received as such or where it increased assets received.* To render an assignee liable to account to a party who had placed money in the hands of his assignor as for a trust fund, it must appear either that the fund actually came into the hands of the assignee, or that it went to swell the estate of the assignor, which he in fact received.

3. ——— *claim against for trust fund waived by proving as general claim.* A person who has placed in the hands of an

insolvent debtor a fund for a specific purpose cannot present the claim to the debtor's assignee in insolvency as a general claim against the estate, and thereafter pursue the fund in the hands of the assignee as a trust.

*Error from Dickinson District Court.*
*Hon. James Humphrey, Judge.*

AFFIRMED.                    OPINION FILED MARCH 6, 1897.

*David Overmyer,* for plaintiff in error.

*C. F. Mead,* for defendant in error.

ALLEN, J.   On October 4, 1889, the plaintiff's testator, Thomas G. Mather, caused $3,500 of his money to be placed in the hands of the defendant's assignors, Lebold, Fisher & Co., to be applied in part payment for $5,000 of stock in the Lebold-Fisher Loan and Trust Company, which the parties were intending to organize.   On the 31st day of the same month, Lebold, Fisher & Co. executed a deed of assignment to Clarence F. Mead for the benefit of their creditors.   November 27, 1889, John Johntz was duly elected assignee by the creditors.   Having duly qualified and given notice as provided by law, he proceeded to allow demands against the estate of the assignors. The plaintiff's testator, at the time fixed for considering such demands, presented his claim as follows:

"In the matter of the assignment of C. H. Lebold and John M. Fisher, partners as Lebold, Fisher & Company.

"Presentation of claim before John Johntz, Assignee."

"Comes now Thomas G. Mather, and represents that on or about the 1st day of October, 1889, he subscribed for fifty (50) shares of the Lebold & Fisher Loan Company, about to be organized, and did, on or about that date pay over to said Lebold, Fisher & Co., through B. R. Abbe, on account of said subscription, thirty-

five hundred dollars ($3,500.00) ; no part of which sum has ever been returned or paid over to him.

THOMAS G. MATHER, *Claimant.*

"State of Connecticut, County of Hartford, ss.

"Thomas G. Mather, being duly sworn, on oath says that he signed the foregoing statement of claim, and that the statements therein contained are true.

THOMAS G. MATHER, *Claimant.*"

On the 25th of June, 1890, the claim was indorsed by the assignee as follows : "6–25–1890.—Within allowed.—J. JOHNTZ, *Assignee.*"

On the 24th of January, 1893, William H. Burrows, executor of the estate of Mather, filed his petition in the assignment proceeding, stating the facts with reference to the receipt of the money by Lebold, Fisher & Co., and the purpose for which it was delivered to them, and asking an order requiring Johntz to pay the amount to the petitioner. Johntz thereupon filed a motion to dismiss the petition on the ground that the claim was barred by the Statute of Limitations. On the hearing, the assignment proceedings above noticed were introduced in evidence, and it was admitted that the assignee had in his hands sufficient funds to pay the claim, if entitled to preference, although the estate was insufficient to pay all general claims in full. The Court sustained the motion; holding that the claim was barred by the three-years Statute of Limitations. Error is predicated on this ruling. Two questions are discussed by counsel: First, Whether Mather, in his lifetime, by presenting the claim as though he were a general creditor and obtaining an allowance thereof as such, did not elect to pursue that remedy, and waive his right to charge the assignee with having received a trust fund ; Second, Whether the claim, as against an assignee, is barred

by the Statute of Limitations.    A third question, not
discussed, is suggested by the record, viz. :   Whether,
in the absence of any showing that Mather's money
was actually included in some form in the estate
which came to the hands of the assignee, his executor
may recover it as a trust fund.

The only question considered by the trial court, as
would appear by the record before us, was that of
the Statute of Limitations.    Counsel for the plaintiff
in error insists that the plaintiff's claim is founded
on a written instrument, and that the five years Stat-
ute of Limitations governs.    When the money was
paid to Lebold, Fisher & Co., they executed a written
receipt therefor showing the purpose for which it was
received.    As between Lebold, Fisher & Co. and
Mather, the latter undoubtedly had a cause of action
based on a contract in writing.    When Mather pre-
sented his claim to the assignee, he presented it as
a claim against the general estate in the hands of
Johntz, as assignee, and it was allowed as such.    His
present contention is that a fund of $3,500 passed
into Johntz's hands which Johntz had no right to
administer and distribute to the creditors of Lebold,
Fisher & Co., but that it came to him as a trust fund,
which it was his duty to at once pay over to Mather.
His claim, to be effectual, must be against Johntz
himself, and not as the assignee representing the
estate of Lebold, Fisher & Co.    He must proceed on
the theory that Johntz holds this sum as his individual
trustee, rather than as the trustee of all the creditors
of Lebold, Fisher & Co.    Though the assignors held
the fund upon the trust that they would invest it in
stock of the proposed corporation, the assignee never
held it on any such trust ; but, if he received it at all,
he received it solely as money belonging to Mather,

and subject to his order.   He never entered into any contract, either written or verbal, with reference to the fund, but at most his contract was one which the law would imply, to deliver to the rightful owner; and a claim under a contract of this kind is barred in three years under the second clause of section 18 of the Code of Civil Procedure.

1. Three-years limitation applied to trust fund in assignee's hands.

There is a little uncertainty in the record as to the time when the estate came into Johntz's possession, but the fair inference seems to be that the estate was in the hands of the assignee more than three years before the petition to recover the fund as a trust was filed by the executor.   The parties not only failed to show the exact time when the estate went into the hands of the assignee, but they also failed to definitely show, or agree, that either the identical money which was delivered by Mather to Lebold, Fisher & Co., or any property into which it had been converted, actually went into the hands of the assignee.   It is impossible to say, from the record, with certainty, that the assignee ever got these funds in any form. A trust is not imposed on the assignee unless the funds of the plaintiff actually came into his hands in their original form, or commingled with the estate, or had been used by the assignor to swell and increase the estate which passed by the deed of assignment.   *Myers v. Board of Education*, 51 Kan. 87; *Hubbard v. Irrigation Co.*, 53 id. 637.   This case, unlike any other that has been considered by this Court, rests on the bare presumption that the money came into the hands of the assignee because it had been received by the assignor a short time before the assignment, and had never been repaid to the plaintiff.

2. Assignee chargeable as trustee, when.

There is also much force in the contention that, by presenting his claim to the assignee for allowance as an ordinary demand against the estate in his hands, the plaintiff elected to become an ordinary creditor, and waived his right to charge the assignee as his trustee.   The claim was established by the assignee's allowance, and became, in effect, a judgment against the general estate of the assignor.   It was a full determination of Mather's right to a distributive share of that estate.     *State v. Kansas Ins. Co.*, 32 Kan. 655 ; *Limbocker v. Higginbotham*, 52 id. 696.

A party having a right to resort to two inconsistent remedies is bound by an election made with a 3. Claim for trust full knowledge of the facts, and cannot fund, how waived. thereafter pursue the other remedy because it promises better results. *Plow Co. v. Rogers*, 53 Kan. 743 ; *City of Larned v. Jordon*, 55 id. 124. Mather's right to an allowance against the estate depended on the existence of an indebtedness from Lebold, Fisher & Co. to him.   It implied that the money had become the property of the assignor, and that Mather had become their creditor.   The claim the plaintiff now pursues rests on the assumption that Lebold, Fisher & Co. never acquired any right to the money delivered to them ; that it passed into the hands of Johntz, not as a part of the estate of the assignor, but as the money of the plaintiff ; — as a fund the title to which had never passed from Mather, and which the assignee was therefore bound in equity to deliver to him on demand. It is urged, however, that the claim presented to the assignee was presented as a claim for a trust fund.   We find no allegation in the claim, as presented, to the effect that this money passed into the hands of the assignee as a trust fund, nor that the

claimant intended to stand on any other ground than that of a common creditor. It merely shows that the money was paid to Lebold, Fisher & Co. to be used in payment for the stock, and that no part of it had been returned to him. It nowhere states that that money was then in the hands of the assignee, nor does it ask that he pay that sum to the claimant in full because of its character as a trust. Mather could not be, at the same time, a general creditor of Lebold, Fisher & Co. and the owner of a specific trust fund in the hands of Johntz.

The judgment of the district court is affirmed.

All the Justices concurring.