Blaker v. Morse.

ALFRED BLAKER, as Executor ·of the last will of John Hood, v: O. E. MORSE, Receiver.

No. 10862.

1. EXECUTORS AND ADMINISTRATORS—*Partnership Estate—Construction of Will.* H. bequeathed his partnership interest to his copartners, with direction that the partnership business be continued for five years after his decease, and be·conducted as they deemed best, without interference from the executor or legatees, the copartners to account for and pay to the executor annually a certain proportion of the net profits of the business, and at the end of that period to settle and close up the business, the share belonging to the estate to be paid to the executor, to be disposed of by him in accordance with the terms of the will. After his death the business was continued by the surviving partners for five years as the will directed, when a settlement was made between them and the executor under the direction and approval of the probate court, by which some of the partnership property was given to the executor, but the greater part was sold to the surviving partners, and in payment of the same secured notes were given, payable to the executor in six, twelve, eighteen and twenty-four months respectively. The executor accepted .the notes, collected more than half the amount due thereon, and procured a judgment against the surviving partners and the sureties for the balance represented by the notes. *Held*, that the settlement is binding on all the parties concerned, and that a valid sale and transfer of the partnership business and property was made to the surviving partners.

2. INCONSISTENT REMEDIES—*Effect of Election.* A party having a right to resort to two inconsistent remedies is bound by an election made with. the full knowledge of the facts, and cannot thereafter pursue the other remedy because it promises better results.

Error from Linn district court; WALTER L. SIMONS, judge: Opinion filed December 10, 1898. Affirmed.

*Snoddy & Snoddy*, for plaintiff in error.
*J. D. McCleverty*, for defendant in error. ·

The opinion of the court was delivered by

JOHNSTON, J. : This was an action by Alfred Blaker, executor of the last will of John Hood, deceased,

against O. E. Morse, receiver of the firm of Hood & Kincaids, to have a certain claim of about $8000 held by the executor against Hood & Kincaids declared a trust claim upon the funds and assets in the hands of the receiver. On and prior to January 3, 1883, Hood was a member of the firm of Hood & Kincaids, which was engaged in the banking business at Pleasanton, Kan., the other members of the firm being Zalmon, Robert and Joseph Kincaid. On the date mentioned Hood died testate, and by his will his property, other than his partnership interests, was bequeathed absolutely to certain legatees, and Alfred Blaker was designated as executor. The partnership interest was bequeathed to his copartners, to be used and disposed of in the following manner : The will directed the continuance of the partnership business for a period of five years after the death of Hood, the partners to conduct it as they deemed best, using their own judgment and discretion in all business affairs, without the interference of the executor or legatees, or other persons, except as expressly provided in the will. The executor and the partners were to make an inventory of all the property, credits and effects of the partnership as at the time of the testator's decease, together with a schedule of its liabilities, and file the same in the probate court. It was directed that the partners were to account for and pay to the executor annually a certain proportion of the net profits of the business for the preceding year, and there was a provision that the partners or trustees retain the trust funds in the business for the term of five years after the death of the testator, and that at the expiration of that time, unless an agreement was made between the trustees and the executor to continue the business, they settle and close up the

trust business. Upon a settlement of the partnership business the funds belonging to the estate were to be paid to the executor, to be distributed by him in the manner directed in the will.

Soon after the death of Hood, Blaker qualified as executor, and the surviving partners elected to continue and carry on the business in accordance with the provisions of the will. At the end of five years the executor notified the partners that he desired to settle and close up the partnership business, and in an application to the probate court he represented that he had entered into negotiations with the surviving partners, and that a settlement had been made which he deemed to be fair and reasonable and most advantageous to the estate. All of the parties appeared in the probate court, where a full settlement was had of the partnership affairs, which was approved and entered of record in that court. By the terms of the settlement the surviving partners were to retain the greater part of the partnership assets of the firm of Hood & Kincaids, and were to assume and discharge all the indebtedness and liabilities of the firm. They were given the right to carry on the business in the old firm name of Hood & Kincaids, but with no liability against the Hood estate. The executor was to receive an insurance policy for $10,000 and certain promissory notes, and the remaining property and assets were to be sold and transferred to the surviving partners, in consideration of which they were to pay the sum of $20,000, giving the executor therefor four notes of $5000 each, due in six, twelve, eighteen and twenty-four months, with four of their brothers as sureties thereon. A formal bill of sale and transfer was made by the executor to the surviving partners, conveying the property sold, and in

pursuance of the settlement the four notes were duly executed and delivered to the executor.

The new firm continued the business for some time, and paid off two of the notes and a part of the third. On July 17, 1893, it became insolvent, when the district court, upon application of the attorney-general, appointed O. E. Morse receiver thereof to settle up its affairs. Soon after the adjudication of insolvency and the appointment of the receiver the executor began a suit in the district court upon the last two notes to recover the balance due thereon, and made an unsuccessful attempt to attach the property of the firm in the possession of the receiver. In this action the executor recovered a judgment for the balance due upon the notes at that time, amounting to $10,-500. Subsequently the executor made application to the district court, where the insolvency proceedings were pending, that the judgment be allowed and listed as a regularly proved claim against the receiver and the estate, but the same was denied. Later, and on February 15, 1896, the executor brought the present action, asking that the balance due be declared a trust fund in the hands of the receiver, and that he be required to turn the same over to the executor. In bringing this action the executor ignores the settlement and adjudication in the probate court, the action and judgment in the district court upon the notes given in the settlement, and the subsequent proceedings against the receiver. He accepted the fruits of the settlement, collected two of the notes, retained and placed the other two in a judgment which he has since endeavored to enforce, and then, eight years after the settlement, comes into court seeking to repudiate the settlement and the orders and judgment which he sought and obtained. It is not claimed

that any fraud was practiced in making the settlement, or that it was other than fair and just toward the Hood estate. The contention is that the terms of the will and the trust relation of the parties precluded such an arrangement and transfer of the property as was made.

No reason is seen why the settlement should not be held binding upon all parties, nor why the plaintiff is entitled to maintain this proceeding after having elected to pursue another remedy to judgment upon the debt in question. Although the surviving partners occupy a trust relation toward the estate, it is not such as to bar them from purchasing the partnership property and business when a sale of the same was authorized by the probate court. At the death of the testator they owned three-fourths of the partnership business and effects, and the provision in the will for the continuance of the partnership business could only become effective with their consent. If they had declined to continue the business, the partnership estate must have been closed up at once under the supervision of the probate court in the manner provided by statute. If a settlement had been made at that time, the surviving partners certainly could have purchased the business and property and made payment therefor in the same manner that the purchase and payment was subsequently made. The continuance of the partnership under a direction of the will—which is not an uncommon practice—only served to postpone the settlement for a period of five years. The settlement, whenever made, must have been under the direction and with the approval of the probate court. It was for that court to decide which was the most advantageous method of closing up and disposing of the partnership estate — whether all should be sold to-

gether or disposed of at retail, and whether there should be a forced sale for cash or that it should be disposed of on credit, with security, similar to what was given in this case. The will provided for settling and closing up the partnership affairs, but did not undertake to prescribe the particular method in which it should be done. A settlement such as was made appears not to be inconsistent with the provisions of the will nor with the law governing such settlements.

In any event the plaintiff is not now in a position to repudiate the settlement and to insist on the remedy which he seeks. It is wholly inconsistent with his former attitude and with the remedy which he then pursued. Assuming that at the beginning he could have ignored the settlement and treated the amount due as a trust fund, he, as we have seen, adopted a contrary course and proceeded upon an entirely different theory. He ratified the settlement by accepting the results of the same; and he not only accepted the secured notes given in pursuance of the settlement, but he brought an action upon them and pursued that action to judgment, and that judgment he presented to the district court and asked to have it listed and allowed as a regularly proved claim against the receiver. It will be readily seen that the present action is incompatible with his previous course, and that the remedies are conflicting and inconsistent. In *Burrows v. Johntz*, 57 Kan. 778, 48 Pac. 27, it was said that "a party having a right to resort to two inconsistent remedies is bound by an election made with the full knowledge of the facts, and cannot thereafter pursue the other remedy because it promises better results." See, also, *Plow Co.*

*v. Rogers,* 53 Kan. 743, 37 Pac. 111; *City of Larned v. Jordan,* 55 id. 124, 39 Pac. 1030.

The judgment of the district court will be affirmed.

DOSTER, C. J., concurring.

ALLEN, J., not sitting.