No. 26,199.

THERESA M. BLITZ, a Minor, by Her Next Friend, MARY ERICKSON
(Plaintiff), v. F. P. METZGER and ISAAC M. BLITZ, *Appellee* (De-
fendants), and MARY ERICKSON, Intervener, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Shawnee district court, division No. 1; JAMES A. MCCLURE,
judge. Opinion denying latest motion for rehearing filed April 10, 1926. (For
original opinion of affirmance see 119 Kan. 760, 241 Pac. 259.)

*Eugene S. Quinton, James E. Larimer, John M. Williams* and *Arthur F.
Davis,* all of Topeka, for the appellant.

*A. E. Crane, W. E. Atchison* and *B. F. Messick,* all of Topeka, for the ap-
pellee.

The opinion of the court was delivered by

HARVEY, J.: Leave was given to file another motion for rehearing,
and it is urged that the court overlooked material findings of fact
and misapplied the law applicable if those facts were considered.
Finding of fact number 10 is to the effect that after Mrs. Erickson
paid the judgment in the action brought against her by the bank,
Mr. Blitz, recognizing his obligation to reimburse Mrs. Erickson,
who, as his surety, had paid his debt to the bank, gave her a note,
due in six months, for the amount she had paid; that this note was
not paid when due, and thereafter Mrs. Erickson sued Mr. Blitz on
the note and recovered judgment, and this is the judgment set up
by Mrs. Erickson in her intervening petition in this action. And,
appellant contends, since the five-year statute of limitations ap-
plies to an action on a promissory note (R. S. 60-306, first clause),
also to an action or proceeding on a judgment (R. S. 60-3405), the
five-year statute should apply to the right to subrogation rather
than the three-year statute. This contention cannot be sustained.
When Mrs. Erickson paid the judgment in the action brought by
the bank, two rights arose in her favor: (1) the right to be reim-
bursed for the money she had paid for her principal, Mr. Blitz; (2)
the right to be subrogated to the securities held by the bank. Both
of these grew out of the relation of principal and surety—out of the

Judgments, 34 C. J. p. 1086 n. 66. Limitations of Actions, 37 C. J. pp. 766
n. 27, 767 n. 43. Principal and Surety, 32 Cyc. pp. 250 n. 47, 264 n. 60. Sub-
rogation, 37 Cyc. pp. 385 n. 33, 387 n. 37, 402 n. 42, 405 n. 44.

fact that she was surety for Mr. Blitz upon his debt to the bank. Neither of these rights was evidenced in writing; each must be established by parol evidence; each rested upon the implied promise incident to the agreement by which she became surety for him. The three-year statute of limitations applied to an action to enforce either right. ' (*Guild v. McDaniels,* 43 Kan. 548, 23 Pac. 607.) But no action was brought at that time. Looking to reimbursement, Mrs. Erickson took the note of Mr. Blitz, after which her right to reimbursement no longer rested upon parol evidence to establish her relation as surety, but was evidence in writing, to which the five-year statute of limitations was applicable. In an action upon this note it was merged into a judgment, to which the five-year statute applied. During this time Mrs. Erickson took no proceeding to enforce her right of subrogation until the three-year statute had run thereon. (It was not available to her at first, but more than three years had passed after it became available before any proceeding was brought to enforce her right of subrogation.)

Appellant argues, with much force, that a right of subrogation exists only as a security to the right of reimbursement; hence, as long as the right to reimbursement exists, the right to enforce subrogation exists. In its final analysis this contention reduces itself to the question, Is there such a thing as a statute of limitation which applies to a right of subrogation, or is it always controlled by the statute of limitation applying to a right to reimbursement? The authorities all hold that the right of subrogation may be lost by laches or barred by the statute of limitation. (*Guild v. McDaniels,* supra; *Burrows v. Johntz,* 57 Kan. 778, 48 Pac. 27; 37 Cyc. 387; *Burrus v. Cook,* 117 Mo. App. 385, 215 Mo. 496; *Farmers' Loan & Trust Co. v. Wilcox County,* [Ga.] 298 Fed. 772; *Bell v. Morton,* 38 Ida. 758; *Ault, Appellant, v. Adamson,* 66 Pa. Sup. Ct. 374.)

Even if this contention had merit, it may be observed that appellant is not now seeking to enforce her original right of reimbursement. If she were doing so at the time she filed her intervening petition in this case she could not have maintained the action, for that was more than three years after she had paid the judgment in favor of the bank, but she is seeking to enforce new rights acquired when she took the note of Mr. Blitz, and later when she placed that note in judgment. It is true that if any question of consideration had arisen in the action against Mr. Blitz upon his note, appellant's right to reimbursement could have been shown as a consideration for the

note, but as far as the statute of limitations is concerned, her right to intervene in this proceeding is governed by the judgment upon the note and not by the implied agreement for reimbursement embodied in her original contract of suretyship. But her right to use that judgment as a basis of her intervening petition is entirely distinct from her right to subrogation, and is not governed by the same statute of limitations:

Appellant contends that the matters here considered were not passed upon by the trial court. The record bears a different interpretation. The court specifically found as his third conclusion of law:

"If the doctrine of subrogation is applicable, the intervener's right thereto is barred by the three-year statute of limitations."

In our former opinion we held that the doctrine of subrogation is applicable, and we were thereby confronted with the identical question which was before the trial court, and which was clearly passed upon.

The matters here discussed were not overlooked in the original opinion. The latest motion for rehearing is overruled.