No. 28,302.

NEIL McLEOD, *Appellee*, v. THE TRUSLER GRAIN COMPANY, *Appellant*.

(272 Pac. 119.)

Opinion filed December 8, 1928.

W. S. *Kretsinger* and *Roland E. Boynton*, both of Emporia, for the appellant.

A. E. *Crane*, B. F. *Messick* and A. *Harry Crane*, all of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether the district court has jurisdiction of a corporation sued in a county other than where its principal office is located. The trial court held in the affirmative and defendant appeals, raising the one question that the court was without jurisdiction. The facts are substantially these:

The petition recited that the defendant is a corporation existing under the laws of Kansas, having its principal place of business at Emporia, Lyon county, but at the present time has a branch office

in the New England building in Topeka, Shawnee county. Summons was issued out of the office of the clerk of the district court of Shawnee county and served by the sheriff, the return showing that it was served "by delivering to L. E. Howard, local manager, highest officer found in my county, November 5, 1925, by delivering to each of said defendants personally a true and certified copy of this summons with all indorsements thereon." Defendant's motion to quash the summons and dismiss the cause reads:

"Comes now the defendant and appearing specially and for the purpose of this motion only moves the court to quash the summons issued in this cause and to dismiss this cause for the reason that this court is without jurisdiction over the defendant."

Thereafter defendant answered, trial was had, with verdict for plaintiff.

Defendant contends that service in Shawnee county upon the local manager of its branch office was without effect; that it appeared specially and for the purpose only of raising the question of jurisdiction; that by asking the court to dismiss the action it did not submit itself to the jurisdiction of the court, and that the fact that it afterwards filed an answer to the merits and tried the case was not a waiver of the question of jurisdiction inasmuch as it asked for no affirmative relief but only that it be allowed to go hence with its costs. On the other hand, the plaintiff contends that there is statutory authority for the summons and service as made and that the defendant submitted itself to the jurisdiction of the court by filing a motion to dismiss the action in addition to its motion to quash summons.

A provision of the statutes reads:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof." (R. S. 60-2518.)

The return of the sheriff shows that service was made on the highest officer of the defendant in Shawnee county. There is nothing to show but that Howard was the managing agent or the local manager of the defendant. The defendant relies on another section of the statute which reads:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state or of the territory of Kansas may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or may be summoned; but if such a corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose, or where the plaintiff resides. But the provisions of this article shall not apply in the case of any corporation created by a law of this state or the territory of Kansas whose charter prescribes the place where alone a suit against such corporation may be brought." (R. S. 60-504.)

It may be noted, however, that this section provides that the action against a corporation may be brought in the county in which it is situated or has its principal office or place of business or in which any of the principal officers thereof may reside or be summoned. In *Henry v. Railway Co.*, 92 Kan. 1017, 142 Pac. 972, it was said:

"Where in the article of the code relating to venue it is provided that certain actions 'must' and that others 'may' be brought in certain counties and that all others must be brought in the county in which the defendant resides, or may be summoned, the actions with respect to which the permissive term 'may' is used, are not thereby rendered local, and they may be brought in any county in which the defendant may be summoned." (Syl. ¶ 1.)

Section 60-504 nowhere provides that the action must be brought in the county where the principal place of business is, but that it may be brought.

The question as to the powers and duties of a managing agent is discussed in 32 Cyc. 551, where it is said:

"In some statutes the provision is for service upon a managing agent. The term 'managing agent' has no strict legal definition and it is not easy to form a general rule that will govern all cases. The term is evidently intended to include only such an agent as has charge and management of the ordinary business of the corporation within the particular locality, and who is vested with general powers involving the exercise of judgment and discretion in the management of the ordinary business transacted, at least within that locality. In order that a person shall be a managing agent within such provision, it is not necessary that he shall have entire control or charge of defendant's business, but he must be intrusted with the carrying on of the corporate business or some substantial part thereof."

We are of opinion that where a domestic corporation maintains several offices in different counties within the state and where it transacts business in the several counties in which it has such local

offices, as in this case, it is not necessary that suit against it be brought only in the county in which it claims its principal office. This conclusion renders it unnecessary to discuss the question as to whether or not the defendant entered its appearance or waived the jurisdiction of the court.

The judgment is affirmed.