No. 28,332.

THE BALTIMORE AMERICAN INSURANCE COMPANY, *Appellee,* v. C. C. ZIMMERMAN et al., *Appellees;* CARL MILLHEISLER, *Appellant.*

(272 Pac. 165.)

Opinion filed December 8, 1928.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *W. N. Calkins,* of El Dorado, for the appellant.

*J. M. Pleasant,* of El Dorado, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Carl Millheisler appeals from a judgment setting aside and holding for naught an amended answer and cross petition filed by him against his codefendants C. C. Zimmerman and Thomas I. Sproul.

This action was commenced by the plaintiff to recover from C. C. Zimmerman and Thomas I. Sproul $507.13 insurance premiums collected by them as agents for the plaintiff and which premiums had not been remitted to the plaintiff. Afterward, on application of Zimmerman, Millheisler and Murphy were made additional parties to the action. Zimmerman then answered the petition of the plaintiff and filed a cross petition against Millheisler and Murphy. In that cross petition Zimmerman alleged that Millheisler and Murphy, under contract with Zimmerman and Sproul, had purchased from Zimmerman his interest in the insurance business and had agreed that Zimmerman should be thereafter under no liability for the firm debts or obligations, all of which were assumed by the new firm consisting of Thomas I. Sproul, Carl Millheisler and Andrew H. Murphy. Millheisler and Murphy then filed an answer and

cross petition to the cross petition of Zimmerman, in which they alleged that they had purchased the interest of Zimmerman in the insurance business for the sum of $6,000; and that Millheisler and Murphy were induced to purchase that interest by the fraud of Zimmerman, which consisted of misrepresentations, a number of which were set out in their answer and cross petition to the answer, and cross petition of Zimmerman. Millheisler and Murphy alleged that they had tendered to Zimmerman all the property which they had received from him under the contract, and had demanded of him the return of the $6,000 which had been paid to him, and alleged that the tender and demand were refused and that the tender had been kept good. Millheisler and Murphy also alleged that they had been damaged in the sum of $6,000, and that Zimmerman was indebted to them in the sum of $6,000. They asked that the plaintiff take nothing as against them, and that they recover judgment against Zimmerman for the sum of $6,000. Issues were joined on that answer. The cause was afterward tried before a jury, but the jury did not agree. No judgment was rendered. On that trial Millheisler in open court elected to stand upon his cause of action for rescission.

Afterward, an amended answer and cross petition to the cross petition of Zimmerman was filed by Millheisler, in which he alleged that he and Murphy had purchased the interest of Zimmerman in the insurance business of Thomas I. Sproul and C. C. Zimmerman for which $6,000 had been paid and that fraud had been practiced on Millheisler and Murphy to bring about the purchase. The amended answer and cross petition did not allege a tender of what had been received by Millheisler or Murphy or both of them, but did affirmatively allege—

"That upon the discovery of the fraud complained of herein, which was less than two years before this amended cross petition was filed herein, [Millheisler] ratified said contract and thereby lost the right of rescission."

The amended answer and cross petition asked for judgment against C. C. Zimmerman in favor of Carl Millheisler for the sum of $3,000. Zimmerman filed a motion asking that the court set aside, hold for naught, and not require him to answer the amended answer and cross petition of Millheisler for the reason that it attempted to set forth a different and inconsistent cause of action from that set out in his first answer and cross petition which asked

for the rescission of the contract and for the recovery of what had been paid, while the amended answer and cross petition alleged an affirmance of the contract and asked for damages. The motion also stated that at the trial Millheisler elected to stand upon his cause of action for the rescission of the contract. The motion was sustained on the ground that there had been an election of remedies by Millheisler and that he had elected in open court to stand on his cause of action for rescission. The appeal of Millheisler is from the order sustaining that motion.

The question presented is not a new one. In *Ireland v. Waymire*, 107 Kan. 384, 386, 191 Pac. 304, this court declared that—

"It has been consistently held throughout a long line of decisions in this state, that where a party having the right to choose one of two inconsistent remedies, deliberately elects to follow one of them, with knowledge or the means of knowledge of the facts, he is effectually barred from thereafter making a new election and pursuing the other remedy. (*Smith v. McCarthy*, 39 Kan. 308, 18 Pac. 204; *Plow Co. v. Rodgers*, 53 Kan. 743, 37 Pac. 111; *Evans v. Rothschild*, 54 Kan. 747, 39 Pac. 701; *National Bank v. National Bank*, 57 Kan. 115, 45 Pac. 79; *Burrows v. Johntz*, 57 Kan. 778, 48 Pac. 27; *Blaker v. Morse*, 60 Kan. 24, 55 Pac. 274; *Bank v. Haskell County*, 61 Kan. 785, 60 Pac. 1062; *Railway Co. v. Henrie*, 63 Kan. 330, 65 Pac. 665; *Remington v. Hudson*, 64 Kan. 43, 67 Pac. 636; *James v. Parsons*, 70 Kan. 156, 78 Pac. 438; *Ullrich v. Bigger*, 81 Kan. 756, 106 Pac. 1073.) The doctrine is an application of one phase of the law of estoppel which prevents one who comes into court asserting or defending his rights from taking and occupying inconsistent positions."

To these authorities may be added *Morse v. Grain & Ice Co.*, 116 Kan. 697, 701, 229 Pac. 366, and *Pitt v. Keenan*, 124 Kan. 810, 262 Pac. 567.

Under these authorities, the judgment of the district court must be and is affirmed.