# SOUTHERN DEPARTMENT.
## CENTRAL DIVISION.

The Missouri Pacific Railway Company *et al.* v.
J. C. Henrie.

### No. 167.

1. PURCHASER OF RAILROAD — *at mortgage sale, gets only property rights of original company.* Where a railroad, together with all of the company's rights and privileges, is sold on a foreclosure of a mortgage, the purchaser at such sale acquires only such rights to the property sold as the original company possessed.

2. ———— *is liable on original company's obligation for purchase of right of way.* Purchasers of a railroad and its franchises are liable for the unpaid condemnation money for such right of way as passes with the road, and for the unpaid obligations of the original company for such right of way as it may have acquired by purchase and which passed with the sale of the road.

3. ———— *but having no knowledge of, and not assuming original company's parol contract, not liable thereon.* Purchasers of a railroad and its franchises are not liable to pay the value of life passes to be given by the original company in consideration of a parol license to build and operate a road over certain premises, where the purchasers had no knowledge of the parol contract at the time of purchase or while using such premises, and where they have in no manner ever ratified such contract or assumed its obligation.

Error from Butler District Court. Hon. C. A. Leland, Judge. Opinion filed December 3, 1896. *Reversed.*

*J. H. Richards,* and *C. E. Benton,* for plaintiffs in error.

*Redden & Schumacher,* for defendant in error.

JOHNSON, P. J.  The plaintiffs in error make ten separate assignments of error in their brief as reasons why the judgment of the District Court should be reversed.   We will consider only so much of the errors complained of as will be sufficient to determine the real matters in controversy in this case.

The plaintiff below brought his action in the District Court of Butler. County, to recover damages for the failure of the defendants below to carry out the terms and conditions of a parol license granted to the St. Louis, Fort Scott & Wichita Railroad Company, by which the company was permitted to build and operate its line of railroad over and across the plaintiff's land.   In consideration of the license to so build and operate its road over his land, the company agreed to give him and his wife passes over its line of railroad in Kansas, so long as it continued to maintain and operate its road over his premises.   The St. Louis, Fort Scott & Wichita Railroad Company constructed its road over the plaintiff's land and operated it for about four years, when the road went into the hands of a receiver; the mortgage was foreclosed and the road, with all its rights and franchises, was sold. This was in 1887.   The defendants below became the owners thereof and took possession of the road and have operated the same ever since.   The original company obtained no other right over the lands of the plaintiff below than the mere parol license to build and operate its road over his land on consideration of giving him and his wife passes over its line of road; it continued to give him and his wife passes so long as it owned and operated the road.   The plaintiff below contends that, when the road was sold and the present owners and operators of the road purchased it and its

616     Mo. Pac. Rly. Co. v. Henrie.

S. Dept.          Opinion.   Johnson, P. J.          5 Kan. App.

rights and privileges and went into possession, they became liable for the burdens of the original company, for its obligations for right of way and for the license to operate its line of road over the lands upon which its road was constructed.    When the present owners pur-

1. Purchaser gets only rights of original company. chased the property at the master's sale on foreclosure of the mortgage, they acquired no greater rights in the property than the original company had.   They acquired no title to the property of the plaintiff below.   Did they become liable to carry out the parol obligations of the original company, and furnish passes to the plaintiff below and his wife, so long as they should desire to use the same?

The petition of the plaintiff below in substance alleges : That in the year 1882 the St. Louis, Fort Scott & Wichita Railroad Company entered upon said land without having condemned the same, and without having obtained any title to it, and constructed its railroad ; that said company continued to use said roadbed and its right of way over said lands under a parol license made with defendant in error ; that in consideration of said license said St. Louis, Fort Scott & Wichita Railroad Company was to furnish him and his wife with annual passes in the State of Kansas, over its road, during their natural lifetimes ; that passes were issued by said company to him until about January, 1887, when said railroad was placed in the hands of a receiver ; that afterwards one of these plaintiffs in error, the Fort Scott, Wichita & Western Railway Company, became the owner and succeeded to the rights and property of the St. Louis, Fort Scott & Wichita Railway Company, and, together with the Missouri Pacific Railway Company, continuously operated and owned said road since the sixth day of July,

1887 ; that said defendants, plaintiffs in error, neg-
lected and refused to furnish him and his wife annual
passes entitling them to ride over their line of road ;
that said plaintiffs in error converted the pretended
right of way and roadbed upon and through the lands
described in the said petition to their own use, without
consent of the defendant in error and without making
any compensation therefor.

The petition charges the defendants below with a
trespass in taking possession of the right of way with-
out the plaintiff's consent, and with appropriating the
right of way to their own use.   It is difficult to de-
termine whether plaintiff below intended to charge a
permanent appropriation of the property by the de-
fendants below, or to simply charge the taking of the
privilege granted to the original company.   It is not
alleged or claimed that either of the defendants in
error was a party to the contract, or that they had
any notice whatever of such a contract at the time
they became the purchasers of the road, or that they
ever in any manner ratified the same or assumed the
obligations thereof.   Plaintiff below seeks to recover
against the defendants below merely because they be-
came the owners of the road, its rights and franchises,
by purchase at foreclosure sale, and because they took
possession of and operated the same.

The defendants below disclaim any right, claim or
interest under the parol license ; they repudiated such
contract and insisted that the original railroad com-
pany held the right of way under a different contract
and that the same had been fully paid for.   Can it be
said that, having no knowledge of such contract as
claimed by the plaintiff below, they could be held lia-
ble for the performance of a mere parol license to
further occupy the premises?   Being railroad com-

618     Mo. Pac. Rly. Co. v. Henrie.

S. Dept.        Opinion.   Johnson, P. J.       5 Kan. App.

panies they would have the right, after they discovered that there was no title to some portion of the land over which their road was located, to acquire the same by the exercise of the right of eminent domain — to have the same condemned by commissioners under the law. The defendants below, not having acquired the title to the right of way by their purchase, did not thereby become entitled to the use of the property, and the plaintiff below was entitled to just compensation for the same in case he elected to treat it as a permanent appropriation.

The court below proceeded in the trial of this case on the theory that the original company had acquired title to the property, and had not complied with the terms and conditions upon which the right of way had been acquired. There could scarcely be any question as to the obligation of the purchasers of a railroad to the original owner of the right of way, where there was a conveyance, or judgment of condemnation, of the property and the conditions or judgments had not been complied with by the original company. Where the condemnation money has not been paid, or where the original company has entered into a written obligation for the purchase of the right of way and the right of way passes with the road, the purchaser takes the property burdened with the obligation of the original company; but, where the purchaser of the road and its property acquires no right in the land over which a part of the road is constructed, it is not bound to continue its road over such premises and to carry out an oral promise of the original company for a license to use the land. But, if the original owner of the land is willing to treat the possession of the premises by the purchaser as a permanent appropriation, he

2. Purchaser liable on original company's obligations, when.

would then be entitled to recover the value of the land appropriated and the damages to the entire tract from which it is so taken.

We think the court below tried this case on the wrong theory of the law.   The original railroad company not having acquired the right of way over the land of the plaintiff below, he had the right to treat the use of the land by the defendants below as a permanent appropriation of the right of way and sue the present owners of the road for the value of the strip of land so occupied and used by them, and for the damages to the residue of the tract of land from which it had been .taken ; or he might bring his action for a simple trespass and recover from them the damages that he had suffered by reason of the wrongful acts committed in the use of his land ; or he might bring suit in ejectment for the recovery of the possession of the same, and for damages for the wrongful detention thereof.   In no event could the plaintiff below recover for the value of a life pass over the line of the road of the defendants below.   The evidence of the plaintiff below clearly proves that no such agreement was ever made or even contemplated.   He says in his testimony :

" Q. You may state what contract or what arrangement, if any, you had with Mr. Tiernan or Mr. Marshall, the officers of the first road, the St. Louis, Ft. Scott & Wichita, relative to compensation and pay for the right of way that was taken off your place. A.  Do I understand you want me to give the history?

" Q. Yes, sir, of the agreement you had, how you were to be compensated.   A.  Why, Mr. Tiernan and I talked the matter over and I asked about this right of way.   I told him I wanted a pass for myself and wife, and he said, I cannot give it to you in annual passes ; I will give it to you quarterly, and when it

has run out send it in or come in and I will give you a new one.

"Q. What was the consideration; what were you to do; what were they to get? A. This right of way.

"Q. What was said as to the length of time; how long was he to give these passes? A. As long as they used the land.

"Q. As long as what? A. As long as the railroad company used the land and as long as I wanted passes."

This is all the evidence given, tending in any manner to prove an agreement to give passes for the license to build and operate the road over the plaintiff's land. No agreement was ever made to issue life passes in consideration of the right of way over the land in controversy, and it was error in the court to instruct the jury as follows:

"1. You are instructed that a purchaser at a sale of the St. Louis, Fort Scott & Wichita Railroad, if you find that there had been a sale, would receive by such purchase just such rights as the St. Louis, Fort Scott & Wichita Railroad Company had in the lands in controversy, and no more; and by the terms of the purchase would be bound for the payment of the purchase money the same as the St. Louis, Fort Scott & Wichita Railroad Company itself would have been if it had continued to own and to operate and occupy the road.

"2. Before the plaintiff can recover in this action he must show by a preponderance of the evidence, that he was the owner of the land in controversy; that he made a contract for the right of way, as alleged by him, with the St. Louis, Fort Scott & Wichita Railroad Company; that for that right of way he was to have a life pass for himself and wife over said road, either delivered as a life pass at the time, or quarterly, or annually; that the defendants, the Fort Scott, Wichita & Western Railway Company, and the Missouri Pacific Railway Company, or either of them, subsequently became the owners of said rail-

road, and have operated it over the land in controversy the same as the St. Louis, Fort Scott & Wichita Railroad Company originally did; and also he must show to you by a preponderance of the evidence the value of such passes — what they would have been worth."

We do not think in any event the defendants below were liable to pay for the use of the strip of land the value of life passes. Not having been parties to any such contract, and not having purchased and used the road with knowledge of any such agreement, they could not be held for its non-fulfillment. As this judgment will have to be reversed for the errors already indicated we do not think it necessary to decide other questions which are raised in the brief of counsel and urged in the argument of this case to the court, especially as none of these are liable to come up in the future trial of this case.

*3. Purchaser not liable on original company's parol contract, when.*

The judgment of the District Court is reversed and the case remanded for a new trial.