THE MISSOURI PACIFIC RAILWAY COMPANY *et al.* v.
J. C. HENRIE.

No. 12,194. (65 Pac. 665.)

SYLLABUS BY THE COURT.

1. PLEADING AND PRACTICE—*Action against Railroad for Breach
of Contract—Amendment of Petition.* The plaintiff brought an
action to recover for the breach of an express agreement to the
effect that the defendant railway company, in consideration of
the use of a right of way over plaintiff's land, would furnish
plaintiff and his wife free passes over the defendant's railroad
during their natural lives, and he asked to recover the value of
the passes. After a protracted litigation, he failed to recover on
that issue, and was permitted to amend his petition and set up a
cause of action for the permanent appropriation of the land taken
and used without authority as a right of way, and he asked a re-
covery of the value of the land taken and for damages done to that
not taken. *Held*, that the cause of action set up in the amended
petition differed substantially from that stated in the original pe-
tition; that the remedies sought in the two pleadings were based
upon entirely different rights and were inconsistent; and that
the allowance of the amendment was material error.

2. ——— *Inconsistent Remedies—Rule Stated.* The general
rule is that, when the law gives several means of redress or relief
predicated upon conflicting theories, the election of one of them
operates as a bar against the subsequent adoption of the others.

Error from Butler district court; C. W. SHINN,
judge. Opinion filed July 6, 1901. Division one.
Reversed.

*J. H. Richards, C. E. Benton*, and *Hamilton & Leydig*,
for plaintiffs in error.

*Redden & Kramer*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was instituted by J. C.
Henrie against the Missouri Pacific Railway Company
and the Fort Scott, Wichita & Western Railway Com-

pany on June 28, 1890. In his petition he alleged that in 1882 the St. Louis, Fort Scott & Wichita Railroad Company entered upon his land and constructed a railroad thereon without obtaining title thereto; but that an agreement was made between them by which the railway company was to have the use of the right of way in consideration of passes to be furnished to him and his wife, entitling them to ride free of charge, during their natural lives, upon the cars and railroad operated by the company. It was further alleged that the railroad passed into the hands of a receiver in 1887 in a foreclosure proceeding, which resulted in a sale of the property to the Fort Scott, Wichita & Western Railway Company, which succeeded to all the rights and was subject to all the agreements and obligations resting upon the original company; that the last-named company, together with the Missouri Pacific Railway Company, has continuously operated the railroad previously operated by the St. Louis, Fort Scott & Wichita Railroad Company, which company has ceased to exist; that, since the sale and transfer, the two defendant companies have neglected and refused to furnish plaintiff and his wife passes over the road, and have made no other compensation to Henrie for the use of the right of way. The court was asked to find and adjudge that the value of the right of way was and is the value of the passes agreed to be furnished, to wit, the sum of $5000, for which judgment was asked.

There was a further prayer that the railroad companies be enjoined from using the right of way until they complied with the judgment of the court. The railroad companies denied the binding effect of, and asserted that there was no liability against them under, the license, or agreement, pleaded by Henrie. A

trial resulted in a judgment in favor of the plaintiff below for $1040. Proceedings in error were instituted, and the court of appeals, to which it was taken, determined that the defendant railroad companies were not bound by the license and agreement between Henrie and the St. Louis, Ft. Scott & Wichita company and reversed the judgment. (*Mo. Pac. Rly. Co. v. Henrie*, 5 Kan. App. 614, 46 Pac. 976.) When the case was remanded, Henrie asked and obtained permission to amend his petition by eliminating everything pertaining to the license and agreement to furnish passes, and alleged the entry upon, and the use of, the strip of land without authority or consent, and the appropriation of the same for a right of way for the railroad, and asked to recover the value of the strip of land so taken and for damages for the value of the land not taken. The railroad companies objected to the filing of the amended petition and moved to strike it from the files, on the ground that the cause of action set up therein differed substantially from that set up in the original petition, and that the remedies sought to be obtained in the two pleadings were inconsistent as well as dissimilar. The motion and objections were denied and overruled, and, upon the second trial, judgment was given in favor of Henrie for $755.20.

There is good reason to complain of these rulings. Henrie could have waived the tortious taking, treated it as a permanent appropriation of the land, and brought an action, in the first place, on the implied contract for the value of the land. Instead of doing so, he set up an express agreement by which he was to obtain free transportation for himself and wife, and the recovery asked was the value of such transportation. The case was tried through on the theory that

the agreement was a binding obligation on the rail-road companies, and that the benefit he would have derived from the passes agreed to be furnished to him was the measure of his recovery.   After a pro-tracted litigation, and when the court had decided against that theory, he undertook to change the cause of action and basis of recovery by disregarding the express agreement and asking damages for a per-manent appropriation of the land.

The code makes liberal provision for the amend-ment of pleadings, but the one made in this instance was a substantial change of the cause of action.   The two pleadings stated different grounds of recovery, and the causes of action set up were based upon en-tirely different rights.   In the first, the plaintiff re-lied upon an express agreement giving the use of the right of way for the stipulated compensation, making that agreement, and the breach of it, the basis of re-covery.   In the second, he discarded that agreement and asserted that the right of way had been taken and used without consent or authority, and asked for the value of the land, on the theory that there had been a permanent appropriation.   In the first, he undertook to get the value of life passes, which depended upon the age and expectancy of life remaining to him and his wife, and, also, the extent to which they would have been used.   In the second, he sought to ob-tain the value of the land taken, and also damages for that portion of the tract not taken at the time of the appropriation.   It cannot be assumed that there will be a parity in the results worked out of two such dissimilar and inconsistent theories.   It may be that the value of the land will greatly exceed the value of the transportation, and the fact that one is not necessarily the equivalent of the other illustrates,

to some extent, the difference between the remedies which the plaintiff employed. A breach of an agreement to furnish free transportation for life gives a right which is essentially different from one arising from the wrongful appropriation of land. It would appear that not only were different causes of action set up, but that the remedies are distinct and inconsistent; and the general rule is that, where the law gives several means of redress or relief, predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of the others. (*Bank v. Haskell County*, 61 Kan. 785, 60 Pac. 1062, and cases cited.)

For the error of the court in permitting the filing of the amended petition, the judgment must be reversed and the cause remanded for further proceedings.

DOSTER, C.J., GREENE, POLLOCK, JJ., concurring.