No. 27,760.

ROBERT PITT, *Appellant*, v. H. H. KEENAN and T. M. THOMAS, Doing Business as the THOMAS INVESTMENT COMPANY, and H. F. G. WULF, *Appellees*.

(262 Pac. 567.)

SYLLABUS BY THE COURT.

1. ELECTION OF REMEDIES—*Inconsistency—Affirmance. or Disaffirmance of Contract*. A party having the right to choose one of two inconsistent remedies, who deliberately elects to and does adopt one of them is precluded thereafter from making a new election and of resorting to the other inconsistent remedy.

2. LIMITATIONS OF ACTIONS—*Computation of Period—New Action After Dismissal*. R. S. 60-311, which gives the right to bring a new action where a former one has failed, otherwise than on the merits, within one year after such failure, is not applicable, if at the time of such failure there remains any part of the original time given for the bringing of such an action—following *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 Pac. 1114.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed January 7, 1928. Affirmed.

*William Keith* and *Lester Wilkinson*, both of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston, Lester L. Morris, Paul Brown* and *Silas S. Brown*, all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: On February 25, 1926, Robert Pitt sued H. H. Keenan and T. M. Thomas, doing business as the Thomas Investment Company, and H. F. G. Wulf to recover damages for the alleged fraudulent obtaining of the possession of 41⅘ shares of Monarch Cement Company stock, owned by Pitt, of the value of $4,180, and giving him in exchange therefor stock of the Vitek Oil Company, alleged to be of little, if any, value. Plaintiff pleaded that Keenan and one Whittam applied to him on April 10, 1923, for permission to sell his cement stock. He first declined to sell the same, but after several visits he consented to assign the stock over to them, upon an understanding that it was to be deposited in a certain bank until the transaction was satisfactorily closed, and that

Election of Remedies, 20 C. J. pp. 2 n. 2, 19 n. 34. Limitations of Actions, 37 C. J. pp. 1083 n. 43, 1084 n. 50.

this was not done.  He further averred that the cement stock was sold to Paul Brown and finally transferred to Thomas, who later transferred it to Wulf, the president of the cement company.  For this cement stock which he assigned, Pitt accepted 195 shares of Vitek oil stock which he alleged was of little, if any, value.  Later, however, the plaintiff disposed of the Vitek stock by exchanging it for stocks in other companies.  On January 23, 1924, the plaintiff brought an action against Thomas, Keenan and Whittam, in which he pleaded that the cement stock had been fraudulently obtained by them, substantially as pleaded in the present action, and he asked for a rescission of the contract and the return of his cement stock.  On May 5, 1925, he dismissed that action without prejudice and later, on February 25, 1926, the present action was brought to recover damages.  The defendant answers, denying generally the allegations of plaintiff, and sets up as a defense the bar of the statute of limitations.  It was also alleged that the plaintiff having elected to sue for a rescission of the contract and the restoration of what he had received is bound by that election; that he cannot pursue both remedies, and that having elected to pursue one he cannot thereafter adopt the other, which is an inconsistent and different remedy.

After the introduction of plaintiff's evidence the defendants filed separate demurrers to plaintiff's evidence upon the grounds that the alleged cause of action was barred by the statute of limitations, and further that he has no right to maintain the present action because his evidence shows that in a former suit he had made an election of remedies and had adopted and asserted a remedy inconsistent with that pleaded and sought in the present action.  It was stated that this was an action at law for the recovery of damages, while the former action was equitable in its nature, being for a rescission and cancellation of the contract made between the parties, and that the bringing of the first action constituted an election which is a bar to the maintenance of the present action.  The court sustained the demurrers and entered judgment for the defendants.

Taking up first the contention that there was an election of remedies, and its effect upon the maintenance of the present action, it appears from the testimony that he brought an action against Thomas, Keenan and Whittam, alleging substantially, as in the present action, that they had fraudulently obtained his stock in exchange for stock in another company.  He prayed for its return and

stated that he had tendered back the stock given to him, which tender he renewed in his pleading. The action was brought on January 23, 1924, and a trial was begun in December, 1924. Testimony was offered in that action and after a postponement it was taken up again in May, 1925, and upon that day and before the case was concluded plaintiff voluntarily dismissed his action without·prejudice. Later and on February 25, 1926, he brought the present action setting forth substantially the same grounds of fraud as he pleaded in the first, asking for a recovery of the damages sustained by reason of the wrongful and fraudulent action of defendants. It is said that the first action for a rescission of the contract was abandoned because he had disabled himself to return the stock which he had accepted in exchange for the cement stock. Manifestly the two remedies are inconsistent with each other. If plaintiff was defrauded in the transaction he had two remedies, one to rescind and cancel the contract of sale and exchange on the theory that the title to the stock had not passed but still remained in himself, and that upon a restoration of the stock which he had received in the exchange he was entitled to the recovery of the cement stock. The other was an action at law on the theory that the title had passed by the contract of sale, and that he was entitled to recover damages sustained by reason of the alleged fraud practiced by the defendants in obtaining title to the cement stock. He chose the former remedy and is conclusively bound by that election.

"It has been consistently held, throughout a long line of decisions in this state, that where a party having the right to choose one of two inconsistent remedies, deliberately elects to follow one of them, with knowledge or the means of knowledge of the facts, he is effectually barred from thereafter making a new election and pursuing the other remedy." (*Ireland v. Waymire,* 107 Kan. 384, 386, 191 Pac. 304, and cases therein cited.)

In a similar action where there had been a purchase of corporate stock alleged to have been induced by misrepresentation and fraud, the plaintiff in effect asked for a rescission, the cancellation of the contract, and a return of the securities and money paid upon the purchase. Later he sought a recovery for damages. It was held that the plaintiff could affirm the contract and ask for damages, to be ascertained by a jury, or he could disaffirm and pray for equitable relief, but he could not do both, and having elected one remedy he was barred from resorting to the other inconsistent remedy. The reasons for the rule were stated in the opinion.

"The decisions of this court establishing and applying the following principles are numerous, and have been collated so many times it is not necessary to do so again: A person fraudulently induced to buy and pay for property delivered to him has two remedies, one legal and one equitable. He may affirm the contract and sue for damages, or he may disaffirm and sue for rescission. If he affirm, he keeps the property, the seller keeps the consideration paid, and the buyer recovers damages for the difference in value between what he received and what he should have received. If he disaffirm, he seeks restoration of the status existing when the sale was made. Affirmance and disaffirmance are contradictory of each other. The sale cannot stand and at the same time be set aside. Because the remedy by way of damages rests on affirmance, and the remedy by way of rescission rests on disaffirmance, the two are inconsistent and incompatible. Resort to one excludes resort to the other, and in choosing a remedy it is the first decisive step which counts." (*Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 107, 237 Pac. 932.)

In a later case involving a sale of an interest in an oil lease in which the plaintiff charged that the sale was induced by fraudulent representations, he first pleaded an action for a rescission. Later in an amendment he asked for damages, which were awarded. It was contended upon the appeal that the plaintiff having elected to rescind the sale and sue for cancellation and restoration was thereafter estopped to elect to affirm the sale by an amendment to the petition, and that he could not convert the action into one for damages. In the course of the opinion it was said:

"It is manifest, that on the showing made by the well just after it was brought in, plaintiff concluded he would keep his interest. Therefore he repudiated the sale, and took the necessary steps to divest defendants of their voidable title. Twenty months later he changed his mind, and concluded he did not want the interest. Therefore he undertook to affirm the sale, confirm title in defendants, and recover damages based on the estimated value of the well at the time of sale. Having discovered that he had been defrauded, plaintiff was privileged to affirm or to disaffirm the sale, but he could not do both, and he could not do first one and then the other. He elected to keep title, and commenced his action accordingly. That exhausted his privilege." (*Hamilton v. McGinins,* 119 Kan. 719, 721, 241 Pac. 690. See, also, *Cleaves v. Thompson,* 122 Kan. 43, 251 Pac. 429.)

It is clear, therefore, that the election made by plaintiff in his former action conclusively bars him from maintaining the present action, at least as to all the parties named as defendants in the first action. Wulf, a defendant in the present action, was not a party to the former one. However, he was an assignee of the defendant, Thomas, and the title of Thomas to the stock has been confirmed as we have seen by the action of plaintiff, and the title acquired by

the transfer to him is hardly open to question. Besides, it may be said there was no showing nor an attempt to show that Wulf had any part in the fraud alleged against the other defendants.

The defense of the statute of limitations asserted by the defendants appears to be another bar to the maintenance of this action. It was not brought until more than two years, in fact nearly three years, after the transaction in question. Within a few weeks after the transaction plaintiff learned that the cement stock had not been deposited in a bank, as he expected, and soon afterwards learned that it had been transferred. He accepted a part of the Vitek stock, claimed to be worthless, in May, 1923, and the balance of it about November 23, 1923. Between that time and the date the first action was brought, January 23, 1924, it must be assumed that he learned of the worthlessness of the Vitek stock and of the wrong that had been perpetrated upon him. On May 5, 1925, when he dismissed his first action, considerable of the original period of limitation remained in which an action might have been instituted. On this situation it has been held that the section relied on to toll the time is not applicable. In *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 Pac. 1114, it was held:

"Under section 22 of the code (R. S. 60-311), the right to bring the new action is given only in cases where the time limited for bringing such an action has expired during the pendency of the suit which failed otherwise than on the merits, and if, at the time of such failure, there remains any portion of the time limited for bringing such action, the provisions of this section do not apply."

The plaintiff was effectually barred from maintaining the action by his former election of an inconsistent remedy, and second, his action was also barred by the statute of limitations.

The judgment is affirmed.