No. 29,417.

The Baltimore American Insurance Company, *Appellee,* v. C. C. Zimmerman et al., *Appellees;* Carl Millheisler, *Appellant.*

(289 Pac. 489.)

Opinion filed July 5, 1930.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *W. N. Calkins,* of El Dorado, for the appellant.

*J. M. Pleasant,* of El Dorado, for the appellee.

The opinion of the court was delivered by

Marshall, J.: In this action defendant Carl Millheisler, on a cross petition, seeks to recover damages from his codefendant, C. C. Zimmerman, for fraud practiced by Zimmerman in selling to Millheisler an interest in a real estate and insurance business in El Dorado. Judgment was rendered in favor of Zimmerman against Millheisler for $690.97 on a cross petition filed by Zimmerman against Millheisler. Millheisler appeals.

This is the second appearance of this action in this court. (*Baltimore American Ins. Co. v. Zimmerman,* 127 Kan. 145, 509, 274 Pac. 255.) What was there said need not be here repeated, but it is necessary to read those opinions in order to get a correct understanding of what is now presented. The judgment from which the former appeal was taken was entered in December, 1926. The last opinion on that appeal was filed February 9, 1929. The amended answer and cross petition of the defendant Millheisler mentioned in the former opinions was refiled on February 19, 1929. That answer and cross petition was on August 21, 1929, again stricken from the files on the motion of Zimmerman, which alleged that the

cause of action pleaded therein had been abandoned. Judgment was then entered, and the present appeal was taken.

The appellant says:

"This is a sad story, both judicially and otherwise. . . . The defendant, having been unsuccessful in getting the matter passed on in this court that he presented by his appeal to this court, asked leave to refile his answer and cross petition, which leave was granted by the court. . . . This court on the first appeal did not pass on the question presented by the appellant."

It is the contention of Millheisler that he, having mistaken his rightful remedy when on the first trial, electing to stand on his action for a rescission of the contract by which he purchased an interest in the real estate and insurance business, is not now rightfully precluded from prosecuting his action for the damages sustained by him. That was the question considered by this court on Millheisler's petition for a rehearing and was decided against him in *Baltimore American Ins. Co. v. Zimmerman*, 127 Kan. 509, 274 Pac. 255. It is not necessary to say anything further concerning this contention. Millheisler then presented his contention. The decision was against him. The principles there declared became the law of this case. They now control it. Following what was there said, the judgment must be affirmed.

It is so ordered.