No. 32,886

Fee & Liddon Company, *Appellant,* v. Dr. W. H. Porter, *Appellee.*

(58 P. 2d 55)

Opinion filed June 6, 1936.

*Burney Miller,* of Iola, *Thomas H. Finigan* and *Thomas E. Joyce,* both of Kansas City, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal involves the question whether statements contained in a letter constituted an election of remedies.

On January 18, 1933, plaintiff filed a petition alleging that it was a corporation and assignee of the contract herein referred to; that

on July 20, 1925, defendant Porter entered into a written contract with the Colonial Land Company for purchase of certain real estate in Florida, the contract being fully set out in the petition. By the contract Colonial Land Company sold the real estate to defendant for $3,300, of which $825 was then paid, the balance being payable in quarterly installments of $206.25. Provisions as to taxes, restrictions, etc., need not be noticed. It was provided:

"Time shall be the essence of this agreement, and in case the party of the second part shall fail to make said payments, or any of them, when the same shall become due, then this contract shall at the option of the party of the first part, become null and void, and all rights of the party of the second part under this agreement shall be canceled, and the amounts paid on this contract shall be forfeited to the party of the first part at its option and shall remain its property as liquidated damages for failure to fulfill this agreement completely, or at the option of the party of the first part, the balance due under this contract shall become immediately due and payable."

The last payment was made October 25, 1926. Plaintiff waived payments admittedly barred by the statute of limitation and prayed for a balance—$618.75 and interest from January 20, 1928.

Defendant's answer, after setting out other matters of defense, alleged that according to the contract the Colonial Land Company had the option of declaring the contract null and void or of declaring the balance due and payable immediately; that it did elect in writing to declare the contract null and void by a letter, a copy of which was attached to the answer. The letter was written November 8, 1927, and recited:

"Dr. W. H. Porter, Old Court House Bldg., Iola, Kan.

DEAR SIR—I have your letter of October twenty-second, in reference to lot No. 19, block 25, Pinewood, Ft. Pierce. I take it from this letter that you have no intention of completing the purchase of this lot. This is further clearly indicated by the fact that you have not made a payment on account in over a year and have not paid either interest or taxes for which you have been billed. The entire amount of the contract is, therefore, now due and payable.

To date the balance due on the principal is $1,443.75. Taxes for 1926 amount to $21.55. Interest to this date amounts to $233.55. We are, accordingly, in accordance with the contract, demanding that these amounts, totalling $1,698.85, be paid within the next thirty days, and should they not be paid we shall have the [to] assume that you have no idea of completing this contract and we shall cancel it on our books in according with the terms thereof.

Yours very truly,

COLONIAL LAND COMPANY."

Plaintiff replied and then filed a motion for the trial court to declare as a matter of law whether the letter constituted an election

to cancel and rescind the contract. Upon consideration of this motion, the trial court held the letter constituted an election by the Colonial Land Company to declare the contract null and void and that such election released defendant from all further liability under the contract, and judgment was accordingly rendered in favor of defendant and against the plaintiff, which appeals.

It is clear from the above contract that when the purchaser defaulted in payment, the vendor had an election either to cancel the contract and retain the payments theretofore made by the purchaser as liquidated damages, in which event the purchaser's rights to the real estate would be cut off, or to sue for the balance due on the contract, in which event the purchaser would be entitled to the real estate and the vendor would have to recover on his judgment. Faced with this situation, the vendor wrote the above letter. From it, it appears the vendor was convinced the purchaser did not intend to make further payments. After stating the balance then due, the vendor informed the purchaser that if this amount was not paid within the next thirty days, the contract would be canceled.

In this state, it has been consistently held that where a party has the right to choose between two inconsistent remedies and, with knowledge of the facts, deliberately elects to follow one of them, he cannot thereafter make a new election and pursue the other remedy, and that the election does not depend on the form, but on the essence of the remedy. (See *Ireland v. Waymire*, 107 Kan. 384, 191 Pac. 304, and cases cited; *Trust Co. v. Adams*, 107 Kan. 492, 192 Pac. 761; *Ramsey v. Bank Commissioner*, 115 Kan. 212, 216, 222 Pac. 117; *Pitt v. Keenan*, 124 Kan. 810, 262 Pac. 567.) And various phases of the doctrine are treated in other of our decisions.

Appellant, in its brief, does not mention the above rule, but seems to recognize it by its contention that the above letter was not a cancellation of the contract, but only a threat to cancel, contending that the notice there given is not clear, unequivocal and unconditional. (55 C. J. 289, § 272, note 85 [a].) That rule might avail the purchaser, but he does not invoke it. He had no difficulty in understanding from the letter that if he did not pay up the claimed balance within thirty days the vendor would cancel the contract. Neither do we see any element of threat. It was a proper statement of the situation as to payments due as of the date of the letter, November 8, 1927, with a further statement that if the amounts were not paid in thirty days the contract would be canceled. Pre-

sumably the letter was written in Florida and sent to Iola, Kan. The time given in which to pay up did not convert the statement the contract would be canceled from a statement of intention to a threat. And the lapse of time between the time the letter was written by the vendor and the action was instituted by its assignee without explanation by the assignee, leads to the conclusion the vendor thought it was canceling the contract and not merely threatening to do so.

The judgment of the lower court is affirmed.