No. 35,823 (Consolidated)

C. W. DAVIDSON, *Appellant*, v. SHERMAN McKOWN, MATTIE SUE McKOWN, and THE FIRST NATIONAL BANK OF SEDAN, *Appellees*.

THE FIRST NATIONAL BANK OF SEDAN, *Appellee*, v. SHERMAN McKOWN and MATTIE SUE McKOWN (C. W. DAVIDSON, Intervenor, *Appellant*).

(139 P. 2d 421)

Opinion filed July 10, 1943.

*Laurence M. Turner,* of Moline, was on the briefs for the appellant.

*J. W. Dalton,* of Sedan, was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Two separate causes of action involving claims pertaining to the right, title and interest to an oil and gas lease, together with all equipment and producing oil wells located thereon, were filed in Elk county, Kansas, and thereafter consolidated for trial.

The facts which resulted in the institution of the first cause of action can be briefly stated. Sherman McKown and Mattie Sue McKown owned an oil and gas lease on real estate located in Elk county, and certain equipment and producing wells situated thereon. On October 29, 1940, they contracted with C. W. Davidson to sell him this property for $1,800 and executed an assignment conveying the title, together with an escrow agreement which was signed by all parties. These instruments were placed in the First National Bank of Sedan in escrow to be delivered to Davidson upon payment in full of the purchase price in ten days. Within a week Davidson paid $1,000 to the bank. This money was applied to the payment and release of a mechanic's lien held by the Chautauqua County Machine Shop Company, of which Davidson had notice, both personal and record, prior to the date of the execution of the contract and to pay other claimants who may have been entitled to liens. Thereafter, Davidson paid $300, which was accepted and used by the

McKowns. The date of the making of payments and failure to pay the balance of $500 are unimportant since the McKowns at no time elected to forfeit the contract for failure of Davidson to make payments in the time and manner specified in the written contract. On December 12, 1940, Davidson filed a verified statement with the register of deeds of Elk county, stating that he had made an escrow agreement with Sherman McKown for a conveyance of the oil and gas lease and that such lease was encumbered with a lien of $1,300 in his favor. On the following day he commenced an action against the McKowns and the bank.

The petition filed by Davidson alleged the execution of the contract and escrow agreement, set forth the terms thereof and the making of the payments herein referred to. In addition it contained the following allegations in substance: That after the making of the $300 payment Davidson had discovered the McKowns had secured his signature to the contract and escrow agreement and the subsequent payments under false and fraudulent representations there had never been a dry hole drilled on the lease whereas there had been three, and that the oil wells which were producing on the lease had never been acidized, when in fact all such wells had been acidized, all of which facts were well known to McKown; that by reason of these representations the plaintiff was entitled to recover back the sum of $1,300, which he had paid to the bank for the McKowns and in addition to that amount the sum of $1,000 as damages, for all of which the plaintiff prayed judgment.

The only allegations in the petition with respect to the defendant bank are to be found in the prayer in which Davidson asked that the bank, as escrow agent, be required to set up any interest it might claim to have in the subject matter of that litigation.

Although unimportant to a disposition of the issues, it clarifies the procedural factual situation to state that personal service was had on the McKowns the day after the institution of the action and that an answer was filed by them on March 6, 1941, which answer later, and just prior to the trial of the consolidated actions, was withdrawn by their attorney. Also, that the bank was served with summons on December 14, 1940, and made no answer to the petition until May 8, 1942, on which date it sought and obtained permission from the court to do so.

As to the second action, the pertinent facts causing its institution were as follows: The McKowns, subsequent to the execution of the

escrow agreement, had borrowed a small amount of money from the First National Bank of Sedan and on January 2, 1941, sought and obtained an additional loan of $1,600, the bank taking as security for such loan an assignment of the lease hereinbefore referred to, the property thereon and the oil produced, which assignment was regarded by all parties as a mortgage. On January 16, 1941, the bank commenced an action against the McKowns to foreclose its mortgage. The petition alleged execution and recordation of the mortgage on the oil and gas lease and other property under the terms of which all such property was assigned to the bank and prayed for judgment in the sum of $1,209.22, the amount claimed by it to be due on the note and mortgage after giving credit for amounts realized from oil sold by plaintiff from the lease after it took possession of the property. Subsequently, judgment was rendered foreclosing the mortgage and ordering the sale of the lease. Shortly thereafter Davidson, who had no knowledge of the filing of this action, filed a motion to set aside the judgment and on May 4, 1942, his motion was sustained. On the same date the two actions herein described were consolidated for trial.

Thereafter, and on May 8, 1942, the bank obtained permission to and did file an answer, the allegations of which, after admitting the execution and delivery of the escrow agreement and the payment made by Davidson to the McKowns, were substantially as follows: That by the institution of the first action Davidson had elected his remedy and was estopped to claim any rights in such property by reason of his contract and assignment since he had disclaimed and was now limited in his remedy, if any, to a personal judgment against the McKowns; that subsequent to the filing of such action, the bank, relying on the election to cancel the contract and seek damages for its breach, took its mortgage from McKnowns to secure an actual loan of $1,600; that the bank thereby acquired a first lien on the property and that Davidson should be barred from setting up any claim thereto.

Davidson's reply alleged in substance: That the bank took its note and mortgage with full knowledge of the pendency of the first action, of the fraud perpetrated on Davidson by the McKowns, the indebtedness they owed him and with full knowledge of their insolvency; that such mortgage was made and accepted with the understanding and purpose to injure, delay and defraud Davidson so that the property so fraudulently conveyed to the bank could not

be subjected to payment of his claim and that his right to such property was superior to that of the bank notwithstanding its mortgage.

On these issues the consolidated cases were tried to the district court which rendered judgment, as between Davidson and the bank in favor of the latter, foreclosing the mortgage and decreeing the same to be a first and prior lien on all the property to which Davidson claimed rights by virtue of his contract and assignment. Such judgment directed a sale of the property and the application of the proceeds realized therefrom to the payment of the amount due the bank, after which any balance remaining was to be applied toward payment of the amount found to be due Davidson from the McKowns. A motion for new trial was filed and overruled whereupon Davidson appealed.

In advance of a determination of the legal questions here involved it should be stated the trial court made specific and detailed findings of fact whereby it resolved all disputed questions of fact, which were few in number, in favor of the appellee. As to these findings appellant made no complaint and is therefore limited in this appeal, which he frankly concedes, to the question of whether the facts found by the trial court warrant the conclusions of law announced and the subsequent judgment. It should also be stated that our consideration of such questions is limited to the legal propositions raised by appellant in his specifications of error. The fact the notice of appeal contains a statement that appellant appeals from all "adverse rulings" is of no avail for it merely discloses he objects to such rulings and intends to appeal to this court and does not constitute a specification of error. (*Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377.) Where a litigant merely appeals from all adverse rulings of the trial court and his specifications of error are directed to one or more of a number of the trial court's conclusions of law and not to the others he is deemed to have waived any objection he ever had to such others. (*Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 193, and *Lambeth v. Bogart*, supra.)

With this rule in mind it should be noted appellant's specifications of error, to which we shall presently give consideration were in substance the trial court erred: First, in holding in its third conclusion of law that the claim of appellant to subrogation was junior and inferior to the claim of appellee. Second, in holding in its fourth conclusion that the proceeds realized from the sale of the lease be first applied to payment of the amount due the bank. Third, in

holding in its sixth conclusion, that under the doctrine of *lis pendens* no notice to the bank was necessary since the bank was made a party defendant in the suit originally filed by appellant.

It will be observed there is no assignment of error as to the first conclusion of law of the trial court which reads:

"There is due and owing from Sherman McKown and Mattie Sue McKown to the First National Bank of Sedan, Kansas, the sum of $1,126.14, with interest thereon from this date at the rate of eight percent per annum, and the costs in the suit brought by the bank; that the assignments·and mortgage from the McKowns to said bank of said lease and equipment is valid and should be foreclosed and said property sold by the sheriff at public auction to satisfy the amount due said bank; that said assignments and mortgage are a first and prior lien on said leasehold and the property thereon used in the operations for oil. The judgment against said McKowns in favor of said bank is a judgment in rem."

If the appellee's assignment and mortgage are valid and a first and prior lien on the property therein described and here involved, which appellant concedes as a matter of law by virtue of the fact he predicates no error on, and has waived any objection to, such conclusion of law and the judgment rendered thereon, how can he now hope to successfully urge any one of the objections raised by him in his specifications of error as a ground for a reversal of such judgment. That he cannot do so is so apparent as to require no further comment.

This case might well be disposed of at this point but there are other meritorious legal propositions urged by the counsel for the parties which we deem worthy of attention.

On the date of the filing of the petition in the first action there existed for appellant a choice between two remedies, one legal and one equitable. He could have affirmed the contract and sued for damages or he could have disaffirmed and sued for rescission. If he desired to affirm he kept the property, the McKowns retained the consideration paid by him, and he could have recovered damages for the difference in value between what he was to receive under the terms of his contract and what he actually would have received. If he desired to disaffirm his remedy was to sue for restoration of the status existing on the date he was fraudulently induced to buy and partially pay for the lease and property here in question. An examination of the petition discloses beyond all doubt that Davidson elected to disaffirm for he· sought, not to keep the property, but to recover back the sum of $1,300 paid him on the

purchase price and an additional sum as damages by reason of having been induced to enter into the contract by the fraudulent representations of the vendors. Having so elected what force can be given to his claim he retained such an interest in the property that the lien acquired by the bank under its mortgage on, and assignment of, the same property was junior and inferior to his right and title thereto.

The general rule applicable to such a contention is to be found in 28 C. J. S. 1070, section 6, where it is stated:

"As a general rule, a remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, or rescission; so that the election of either is an abandonment of the other. Where a party rescinds a contract the law does not permit him thereafter to make use of it as subsisting for the purpose of claiming damages, or for the purpose of recovery thereon. . ."

To the same effect is 18 Am. Jur. 134 § 11, 135 § 12, 152 § 32.

The rule with respect to election of remedies generally is applicable to actions involving the rights of vendor and purchaser. (27 R. C. L. 379; 66 C. J. 1466, § 1551; 66 C. J. 1462, § 1548 and 66 C. J. 1468, § 1554.)

In this state it has been consistently held throughout a long line of decisions that when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of the others. (*Taylor v. Robertson Petroleum Co.*, 156 Kan. 822, 136 P. 2d 150; *Turner v. Jarboe*, 145 Kan. 202, 64 P. 2d 26; *Fee & Liddon Co. v. Porter*, 144 Kan. 108, 58 P. 2d 55; *Baron v. Lyman*, 136 Kan. 842, 18 P. 2d 137; *Baltimore American Ins. Co. v. Millheisler*, 131 Kan. 173, 289 Pac. 439; *Pitt v. Kennan*, 124 Kan. 810, 262 Pac. 567; *Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 237 Pac. 932; *Morse v. Grain & Ice Co.*, 116 Kan. 697, 229 Pac. 366; *Ireland v. Waymire*, 107 Kan. 384, 191 Pac. 304 and *Railway Company v. Henrie*, 63 Kan. 330, 65 Pac. 665.)

The fundamental principle underlying the rule announced in all the cases just cited is that one who comes into court asserting or denying his rights cannot assume and occupy an inconsistent position. To this extent the doctrine of election of remedies is founded upon the equitable principles of estoppel. Where a litigant having an election as to remedial rights which are inconsistent sees fit to adopt one he excludes the other and is thereafter estopped to rely

upon it for either affirmative or defensive purposes. (*Ireland v. Waymire,* supra; *Taylor v. Robertson Co.,* supra; *Bank v. Haskell County,* 61 Kan. 785, 60 Pac. 1062 and *Curtis v. Hanna,* 146 Kan. 919, 73 P. 2d 1063.) Moreover, the fact the action does not proceed to judgment does not affect the application of the principle. The commencement of a suit is determinative and gives finality to the election (*Ireland v. Waymire,* supra; 18 Am. Jur. 141, § 18).

In passing we direct attention to a few of our decisions wherein the factual situation was similar to that of the case at bar. Others could be cited, but time and space will not permit their review. In *Plow Co. v. Rodgers,* 53 Kan. 743, 37 Pac. 111, property was delivered for sale to an agent who later absconded. The principal sued the agent for the price of the goods. Afterwards he undertook to recover the property from a sheriff who held it under writs of attachment against the agent and was denied relief on the ground title could not be affirmed in one action and disaffirmed in another. In *National Bank v. National Bank,* 57 Kan. 115, 45 Pac. 79, a failing firm to secure its indebtedness gave mortgages to two banks, one of which accepted the security and the other repudiated and proceeded by attachment notwithstanding the fact it had an option to proceed on the theory its mortgage was valid. After the validity of the mortgage of the accepting bank had been upheld the repudiating bank sought to mend its hold and rely on its mortgage. Having undertaken to overthrow the mortgage it was held it precluded itself from any benefit of the security when the validity of the mortgage was sustained. *Ireland v. Waymire,* supra, was a case where the owner of an automobile brought suit to recover its value from the party who had wrongfully converted it to his own use and later dismissed the action. Later the car was attached by a creditor of the party converting it and the plaintiff in the first action intervened in the last action and sought to recover possession. She was unsuccessful in her attempt, the court holding the remedy first chosen was wholly inconsistent with that later invoked and that having chosen one remedy the other was no longer available to her.

In the instant case the appellant elected to disaffirm his contract of purchase and rely on an action wherein he rescinded the contract and sought to recover a money judgment and nothing more. At the outset either of two inconsistent remedies were open to him. Having chosen the one he was thereafter precluded from relying upon the other and the trial court committed no error in holding that the

appellee's mortgage and assignment was a first and prior lien on the property and in directing 'that such property be sold and the proceeds realized therefrom be first applied to payment of appellee's claim and the costs incurred by it.

Appellant strenuously contends that under the doctrine of *lis pendens* the filing of an action charges third persons with notice and they buy property subject to any judgment lien which might be had in the event the plaintiff is successful in the litigation. Quite true, where the property is the subject matter of the action. The fallacy in appellant's contention rests in the premise that a personal claim for damages, not the lease and property in question, was the subject of the action. Under no circumstances could appellant under the allegations of his petition acquire a lien on the McKowns property until after the rendition of the judgment on his claim for money. It is urged that it is not necessary to attach real estate before judgment to prevent its owner from selling it to defeat the plaintiff's claim. This argument overlooks the fact appellant had no action pending wherein he sought to establish the title to land or any other property. He was not seeking specific performance of his contract. He had disaffirmed such contract and abandoned any claim of title or interest he might have had in the property by virtue thereof.

Another argument advanced by appellant is that appellee took its assignment and mortgage with intent to hinder, delay or defraud creditors of the McKowns and that under G. S. 1935, 33-102, such transfer and conveyance was void, also that the transaction had the effect of rendering the McKowns insolvent and it could stand only if the appellee was a bona fide purchaser without notice. In support of this contention attention is called to the notice filed by appellant in the office of the register of deeds of Elk county, on December 12, 1940, stating that the lease was encumbered with a claim of $1,300 in his favor. Here again appellant overlooks the fact that when he filed his action on December 13, 1940, the appellee had a right to rely on his election to abandon the contract and he entirely ignores findings of fact, Nos. 11, 14 and 15, to which he concedes he has no objection, and which specifically find that no officer or agent of the appellee knew anything about the false statements of the McKowns and that the assignment and mortgage was received as security for an actual loan of money made to them in the amount stated therein.

Appellant's final contention is that the court erred in holding his claim to subrogation for the amount paid out of money advanced by him on the contract purchase price on the lien of the Chautauqua County Machine Shop Company, was junior and inferior to the lien of the appellee. We shall not here attempt to review our decisions dealing with the interesting subject of subrogation rights. It will suffice to say that so far as appellant's right to subrogation is concerned the controlling principle is that of election. The burdens, and the benefits of a contract, remedy or course of conduct, must be accepted together or must be renounced together. Here appellant renounced such benefits, if any, when he filed his action to rescind the contract. (*Mortgage Co. v. Ins. Co.*, 97 Kan. 190, 155 Pac. 17.) In addition the rule is that a right of subrogation will not be enforced where the right of a bona fide creditor has intervened. (*Hargis v. Robinson*, 63 Kan. 686, 690, 66 Pac. 988; 27 R. C. L. 691, § 454).

The judgment of the district court is affirmed.