No. 41,154

Ralph Lindsay, *Appellant,* v. Walter Keimig, *Appellee.*

(334 P. 2d 326)

Opinion filed January 24, 1959.

*Maurice P. O'Keefe,* of Atchison, argued the cause, and *Karl W. Root, Dolan McKelvy, Maurice P. O'Keefe, Jr.,* and *Terence D. O'Keefe,* all of Atchison, were with him on the briefs for the appellant.

*Steadman Ball,* of Atchison, argued the cause, and *J. W. Lowry, William E. Stillings,* and *Robert D. Caplinger,* were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This was an action to recover a money judgment by reason of a controversy arising out of the purchase and sale of a farm tractor and incidental farming equipment.

Plaintiff commenced the action against the defendant, who was engaged in the business of selling tractors and farm implements, by filing a petition which, for purposes of issues raised on appeal, may be said to contain two causes of action, both based on defendant's alleged false and fraudulent representations to the effect that the tractor in question was new, whereas in truth and in fact it was not but had been used for a considerable period of time prior to the date it was sold to, and purchased by, plaintiff as new and unused. For like purposes it can be stated the first cause of action, set forth in such pleading, disaffirms the contract of sale, seeks its rescission, and asks to recover the purchase price, while the second affirms that instrument and seeks to recover damages claimed to have been sus-

tained by reason of the fraud perpetrated by the defendant on the plaintiff in selling him a used tractor instead of a new one.

Following the filing of the petition defendant moved to make that pleading more definite and certain. When this motion was overruled he fi'ed an answer and cross-petition in which he denies all material allegations of the petition, alleges that the tractor had been sold to plaintiff as a used vehicle, sets forth other defenses to plaintiff's cause of action, asks affirmative relief for repairs made on the tractor at plaintiff's instance and request, and prays that plaintiff take naught by virtue of his petition and that he recover judgment against plaintiff for the amount claimed to be due for repairs as set forth in his counterclaim.

The reply contains a general denial and other factual allegations relied on by plaintiff in defense of new matters set forth in the answer and cross-petition.

With issues joined, as heretofore related, the case was set for trial by a jury. Thereupon defendant moved for judgment on the pleadings. This motion was taken under advisement. Some two months later the cause again came on for hearing on such motion, whereupon plaintiff moved to dismiss his second cause of action without prejudice. Following this action the court took under further advisement the motion for judgment on the pleadings, as well as the motion to dismiss without prejudice. Several months later further argument was had with respect to both motions, at the close of which the court sustained the defendant's motion for judgment, overruled plaintiff's motion to dismiss the second cause of action stated in the petition, and rendered judgment against plaintiff for costs. Thereupon plaintiff perfected the instant appeal wherein, under proper specification of errors, he appeals from the rulings on the respective motions and from the judgment.

Assuming arguendo, that under the previously decribed facts and circumstances, it could be raised by a motion for judgment on the pleadings the record discloses the all decisive question involved in this case is whether a plaintiff who comes into court with a petition containing causes of action predicated upon inconsistent remedies, which have not been previously asserted, is barred from pursuing one of such remedies to final judgment under the doctrine of election of remedies. We therefore turn directly to such issue, the disposition of which will be simplified by clarification, at the outset, of certain matters to be presently mentioned.

The first has to do with the remedies available to appellant under

the existing facts and his rights in connection therewith. These, it may be stated, have been determined by previous decisions of this court under similar facts and circumstances. See *Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932, where it is said:

". . . A person fraudulently induced to buy and pay for property delivered to him has two remedies, one legal and one equitable. He may affirm the contract and sue for damages, or he may disaffirm and sue for rescission. If he affirm, he keeps the property, the seller keeps the consideration paid, and the buyer recovers damages for the difference in value between what he received and what he should have received. If he disaffirm, he seeks restoration of the status existing when the sale was made. Affirmance and disaffirmance are contradictory of each other. The sale cannot stand and at the same time be set aside. Because the remedy by way of damages rests on affirmance, and the remedy by way of rescission rests on disaffirmance, the two are inconsistent and incompatible. Resort to one excludes resort to the other, and in choosing a remedy it is the first decisive step which counts. . . ." (p. 107.)

The second relates to the doctrine of election of remedies and its application in this jurisdiction. Many of our decisions deal with the subject and, in a general way, it may be stated they consistently hold that when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against a subsequent adoption of others. See, e. g., *Railway Co. v. Henrie,* 63 Kan. 330, 65 Pac. 665; *Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304; *Morse v. Grain and Ice Co.,* 116 Kan. 697, 229 Pac. 366; *Beneke v. Bankers Mortgage Co.,* supra; *Pitt v. Keenan,* 124 Kan. 810, 262 Pac. 567; *Baltimore American Ins. Co. v. Millheisler,* 131 Kan. 173, 289 Pac. 439; *Baron v. Lyman,* 136 Kan. 842, 18 P. 2d 137; *Fee & Liddon Co. v. Porter,* 144 Kan. 108, 58 P. 2d 55; *Turner v. Jarboe,* 145 Kan. 202, 64 P. 2d 26; *Davidson v. McKown,* 157 Kan. 217, 139 P. 2d 421.

For a well considered decision where the subject is discussed and exhaustively treated, in all its phases, see *Taylor v. Robertson Petroleum Co.,* 156 Kan. 822, 137 P. 2d 150, where it is held:

"The doctrine of election of remedies applies only when two or more inconsistent remedies actually exist at the time the election of one remedy is made.

"An election of one remedy with full knowledge, or means of knowledge, of the facts bars the pursuit of a later wholly inconsistent remedy when the remedy first chosen is not based upon a misapprehension of legal rights.

"The doctrine of election of remedies, or assertion of rights, goes not to the form but to the essence of the remedy. It is the inconsistency of demands which makes the election of one remedial right an estoppel against the as-

sertion of the other, and not the fact that the forms of action are different.

"The doctrine of election of remedies is an application of one phase of the law of estoppel which prevents one who comes into court, asserting or defending his rights, from taking and occupying inconsistent positions.

"To make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other.

"Whether coexistent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings.

"The fact that a first action did not proceed to judgment, but was dismissed without prejudice, does not avoid the effect of the election. The commencement of an action or any decisive act of a party makes the election final although such action is not prosecuted to a finality." (Syl. ¶¶ 1 to 7 Incl.)

Conceding the rule to be as last above stated, appellee's position, on what we have heretofore denominated the all decisive question, is that in a case such as is here involved a plaintiff, before bringing suit must determine which of two inconsistent positions he will take and which of two inconsistent remedies he will pursue. In other words, he claims that where—as here—a plaintiff files a petition containing two causes of action based upon inconsistent theories such plaintiff thereby makes an election as to each remedy, the result being that, under the doctrine of election of remedies, he is thus precluded from asserting any remedy whatsoever. We know of no decisions expanding the doctrine to this extent and appellee cites none. Under such circumstances we might well conclude his counsel, after diligent search, have been unable to find any. (*McCoy v. Fleming*, 153 Kan. 780, 783, 113 P. 2d 1074; *Ehrhart v. Spencer*, 175 Kan. 227, 233, 263 P. 2d 246.) Even so we are not disposed to base our decision on the premise no decisions supporting appellant's position have been cited. Instead we refuse to extend the doctrine further than it has been heretofore applied under our existing decisions, and based on sound authority (28 C. J. S., Election of Remedies, pp. 1088, 1091, 1105, 1106 §§ 15, 32a; 18 Am. Jur., Election of Remedies, pp. 150, 151 § 30), hold that where a party alleges two inconsistent causes of action or remedies in the same petition there is no election as to either, but while the case is pending or at the time of trial the plaintiff may be required to elect between them. For other authorities less pertinent, but nevertheless supporting the foregoing conclusion, see 28 C. J. S., Election of Remedies, p. 1107 § 32b; 18 Am. Jur., Election of Remedies, pp. 133, 139, 141 §§ 9, 16, 17. Indeed we believe such

conclusion is warranted, if not compelled, by our own decisions. See *Federal Savings & Loan Ins. Corp. v. Urschel,* 159 Kan. 674, 157 P. 2d 805, cited and quoted with approval in *Waddell v. Blanchard,* 171 Kan. 280, 283, 232 P. 2d 467, where it is held:

"Under the doctrine of election of remedies a plaintiff who comes into court with a petition containing causes of action predicated upon inconsistent theories may be required to elect upon which one of the several inconsistent positions so asserted by him he relies as a basis for the relief he seeks to obtain in his action." (Syl. ¶ 1.)

What has been stated and held compels the conclusion the trial court erred in sustaining the appellee's motion for judgment on the pleadings and, based on that ruling, in rendering judgment against the appellant.

One other point requires consideration. Appellant contends the trial court erred in overruling his motion to dismiss his second cause of action without prejudice. In the face of the record presented we believe this contention has merit and must be upheld. Appellant, as we have seen, could maintain but one of his two inconsistent causes of action, he had the right to elect as to which he would pursue and, if he did not so elect, he could be required to do so. Under the statute (G. S. 1949, 60-3105) the right of a plaintiff to dismiss his action without prejudice, at any time before the final submission of it, is absolute, and a denial of his application to do so is prejudicial error. See *Henry v. Edde,* 148 Kan. 70, 73, 79 P. 2d 888, and cases there cited. Moreover, in *Kinsch v. Missouri-Kansas-Texas Railroad Co.,* 183 Kan. 224, 326 P. 2d 327, after consideration of the force and effect to be given such section of the statute, we held the provisions thereof applied to separate and distinct causes of action and that the trial court in that case erred in denying the plaintiff's motion to dismiss his second cause of action.

The judgment is reversed and the cause remanded for further proceedings in accord with the views expressed in this opinion.