432 P.2d 37

**MIDVALE MOTORS, INC., a Utah corporation, Plaintiff and Appellant,**

**v.**

**Melvin J. SAUNDERS, and Wanda Talbot Saunders, his wife et al., Defendants and Respondents.**

No. 10626.

Supreme Court of Utah.

Sept. 15, 1967.

Robert M. McRae, Salt Lake City, for appellant.

Joseph S. Knowlton, Salt Lake City, for respondents.

CALLISTER, Justice:

Appellant, Midvale Motors, commenced this action on a uniform real estate contract alleging the default thereof by respondents, as the vendees. Midvale Motors in its complaint sought two inconsistent remedies, either of which was provided under the terms

of the contract, i.e., recovery of the delinquent monthly payments or cancellation of the contract with an order of the court declaring a forfeiture and returning possession to the vendor.

The instant case is not an action of unlawful detainer based upon a pleading that forfeiture is an accomplished fact and that respondents are wrongfully in possession of the premises. The present action is one to effect a forfeiture or in the alternative to collect past-due installments.

Respondents in their answer denied both the default in their payments and that Midvale needed an order of the court requiring delivery of possession and further tendered possession to Midvale. Respondents further alleged that they had traded the property to third-party defendants, Donihues, who had agreed to assume the burdens of Midvale's contract, that Donihues had failed to make any payments, and that if Midvale is entitled to back payments, respondents are entitled to payments from the third-party defendants. Respondents further prayed that they be given judgment against third-party defendants returning possession to them and that Midvale receive judgment against respondents for return of possession as prayed for in the complaint, which possession will be voluntarily turned over to Midvale by them. They further commenced a third-party action against the Donihues, alleging fraud and misrepresentation and seeking damages and reimbursement for any loss or expense incurred as a result of Midvale's action. A default against Donihues was entered, and that is not in issue before the court.

Ten days after respondents filed their answer and third-party complaint, Midvale moved the court for permission to strike the portion of its complaint seeking possession on the basis that it constituted an inconsistent remedy and stated an election to proceed against respondents for past-due installments.

Midvale's motion was denied without prejudice. The pretrial order referred the matter to the trial court. The trial court entered an order that Midvale was barred from striking the election from the pleadings for the reason that the respondents accepted the election prior to Midvale's motion to strike.

The trial court held that an election was made in Midvale's complaint and that said election was binding upon acceptance and affirmation by respondents in their answer, and that Midvale was entitled to a judgment cancelling the contract and returning possession to it and for the holding of all payments previously made as liquidated damages.

Respondents' theory is premised on an analogy to the law of contracts, namely, that Midvale's complaint was comparable to an offer, and that once one of the alternative remedies in the offer was accepted, there arose a binding agreement which con-

-stituted an irrevocable election of remedies which could not be withdrawn.

Respondents further substantiated their argument with the assertion that once they accepted the offer they embarked on a course of action to terminate the agreement they had with third-party defendants in order to return possession, and that respondents had relied on Midvale's pleadings to their detriment and therefore, Midvale is bound by respondents' election, which was in the form of an acceptance.

Respondents have failed to indicate in what manner it was detrimental to their interests to rescind their subsequent contract with the third-party defendants on the basis of fraud and misrepresentation. On the contrary, if they had not initiated such action in a reasonable time after the alleged fraud was discovered, the right to rescind on this ground would be waived.[1]

Respondents' novel contention is, in effect, that they, as defendants, have the right to elect which remedy a plaintiff may pursue to judgment.

The court in Snowflake Laundry Company v. MacDowell[2] stated:

> * * * Plaintiff has simply alleged two remedies and has claimed both. If

defendants thought the remedies inconsistent, they should have moved that plaintiff be required to elect. The law gives them no right to make the election in behalf of plaintiff. * * *[3]

The resolution of the instant case is controlled by this court's holding in Rogers v. United Western Minerals Company,[4] wherein the court stated:

> Appellant further contends that respondents had elected in their complaint to retake title to the claims as provided in the contract and therefore could not at the pre-trial elect to take another remedy. There is no merit to this contention. Respondents in their complaint asked for two remedies, i.e. for payment due under their interpretation of the contract and for reconveyance. Paragraph 10 of the contract gave them the right in the event of a breach to pursue any legal remedy they might have or to take a reconveyance. Rule 8(e), U. R. C. P., allows the pleading of inconsistent remedies. Although under the contract respondents were not entitled to both the remedies they sought, they did not by seeking both remedies in their complaint make the election provided for in the contract. The

1. Frailey v. McGarry, 116 Utah 504, 513, 211 P.2d 840 (1949); Erisman v. Overman, 11 Utah 2d 258, 262, 358 P.2d 85 (1961).
2. 52 Wash.2d 662, 328 P.2d 684, 691 (1958).
3. Also see the excellent discussion in Lindsay v. Keimig, 184 Kan. 89, 334 P.2d 326 (1959), where the court stated that where a party alleges two inconsistent remedies in the same petition, there is no election as to either, but while the case is pending or at the time of trial, the plaintiff may be required to elect between them.
4. 8 Utah 2d 1, 5, 326 P.2d 1019 (1958).

election of remedies was not made until respondents were required to do so upon demand of appellant at the pre-trial.

In the instant case, Midvale made a timely election of remedies, which was its exclusive prerogative to do so. Respondents had a right during the course of the litigation to demand such an election but not to make such an election on behalf of Midvale. The trial court erred in its holding that appellant was barred in its making of such election and pursuing it to judgment.

Case is remanded for proceedings in accordance with this opinion. Costs to appellant.

CROCKETT, C. J., TUCKETT and HENRIOD, JJ., and LEONARD W. ELTON, District Judge, concur.